1  Mark G. Tratos (Bar No. 1086)
   tratosm@gtlaw.com
2  Peter H. Ajemian (Bar No. 9491)
   ajemianp@gtlaw.com
3  GREENBERG TRAURIG, LLP
   3773 Howard Hughes Parkway
4  Suite 400 North
   Las Vegas, Nevada 89169
5  Telephone: (702) 792-3773
   Facsimile: (702) 792-9002
6
   Counsel for Plaintiff
7

8              **UNITED STATES DISTRICT COURT**

9                 **DISTRICT OF NEVADA**

10

11  Teller, an individual,                          Case No.

12              Plaintiff,                           **COMPLAINT FOR:**

13  v.                                              (1) Copyright Infringement
                                                         17 U.S.C. § 501 et seq.;
14  Gerard Dogge (P/K/A, Gerard Bakardy) an
    individual,                                     (2) Unfair Competition
15                                                       15 U.S.C. § 1125(a)
                Defendant.
16                                                   **Jury Trial Demanded**

17

18       Plaintiff Teller, an individual residing in Nevada (hereinafter "Teller" or "Plaintiff"), by

19  and through his attorneys Greenberg Traurig, LLP, hereby demands a trial by jury and

20  complains and alleges against Defendant Gerard Dogge (P/K/A, Gerard Bakardy), an

21  individual, (hereinafter "Bakardy" or "Defendant"), as follows:

22                          <u>**NATURE OF ACTION**</u>

23       This is an action for copyright infringement and unfair competition under federal

24  statutes.  Plaintiff seeks damages, attorneys' fees and costs.

25                      <u>**JURISDICTION AND VENUE**</u>

26       1.    These Claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the

27  Lanham Act, 15 U.S.C. § 1051 et seq.

28

COMPLAINT
LV 419,730,139

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

2.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

3.      This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant conducts business in Nevada, and (b) Defendant committed tortuous acts that he knew or should have known would cause injury to Plaintiff in the State of Nevada.

4.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(a) and 1391(b).  Venue lies in the unofficial Southern Division of this Court.

## THE PARTIES

5.      Teller is a professional entertainer and magician, who is part of the world-famous magic and comedy duo Penn & Teller, and was at all relevant times herein, a resident of Clark County, Nevada.

6.      Upon information and belief, Defendant Bakardy is a professional entertainer, musician and singer, who also performs magic, and is currently a resident of Fuerteventura, Spain.

7.      Upon information and belief, Defendant is doing business in the State of Nevada, County of Clark.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

## FACTS REGARDING PLAINTIFF'S RIGHTS

8.      Plaintiff is a professional entertainer and magician and part of the world-famous magic and comedy duo Penn & Teller.  Penn & Teller are famous in the magic community for creating innovative magic tricks, and have become well-known in the United States and throughout the world for their unique brand of entertainment, including both live theater and televised shows that incorporate comedy along with unusual and cutting-edge magic routines (hereinafter the "Show").

9.      Penn & Teller have enjoyed major national and worldwide success, including sold-out runs on Broadway, world tours, Emmy-winning TV specials and hundreds of guest appearances on popular television shows such as "Late Show with David Letterman," "The

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

Tonight Show with Jay Leno," "Friends," "The Simpsons," "Chelsea Lately" and "Top Chef," to name a few.

10.     Additionally, Penn & Teller had their own critically acclaimed television series on the Showtime cable network called "Penn & Teller: BS!," which was nominated for thirteen Emmys and was the longest running series in the history of the network.  Penn & Teller also had a British television series called "Fool Us" that ran last year, and have a show on the Discovery Channel called "Penn & Teller Tell A Lie."

11.     Penn & Teller have written two national best-selling books, hosted their own Emmy nominated variety show for the FX network, starred in their own specials for major networks ABC, NBC and Comedy Central and produced the critically lauded feature film documentary "The Aristocrats."

12.     Currently, Penn & Teller are performing their live Show regularly at The Rio All-Suite Hotel & Casino in Las Vegas, Nevada ("The Rio"), where it has been running for over eleven years, making it one of the longest running, successful and most-beloved shows in Las Vegas history.  Penn & Teller's long run at The Rio has earned them the prestigious award of "Las Vegas Magicians of the Year" six times, including in 2011.

13.     Plaintiff Teller has been instrumental in the success of the Show, and has created many of the original comedy bits and magic tricks that have been featured in the Show over the years.  One of Teller's most successful and lasting original magic tricks is a dramatic work called "Shadows," which is the subject of the instant litigation.

14.     Teller created the highly innovative and unusual dramatic work "Shadows" in 1976, and obtained a U.S. Copyright Registration for it in 1983.  True and accurate copies of U.S. Copyright Office Certificate of Registration No. PA 469-609, and the deposit materials submitted in support of the registration, are attached hereto as **Exhibit 1**.

15.     "Shadows" essentially consists of a spot light trained on a bud vase containing a rose.  The light falls in a such a manner that the shadow of the real rose is projected onto a white screen positioned some distance behind it.  Teller then enters the otherwise still scene with a large knife, and proceeds to use the knife to dramatically sever

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

*LV 419,730,139*

the leaves and petals of the rose's shadow on the screen slowly, one-by-one, whereupon the corresponding leaves of the real rose sitting in the vase fall to the ground, breaking from the stem at exactly the point where Teller cut the shadow projected on the screen behind it.  Upon information and belief, the magic trick "Shadows" was the first illusion of its kind.

16.   "Shadows" has been performed by Teller in Penn & Teller's Show thousands of times, including live and televised performances throughout the United States and the world.  In fact, "Shadows" has appeared in every Penn & Teller Show performed on and off Broadway and in their national tours.  It is the oldest, most venerated piece of material in continuous use in Penn & Teller's Show, and while other material has come and gone, it has remained as a universal favorite.

17.   "Shadows," among all of Penn & Teller's repertoire, has an iconic quality as the piece with the longest association to Penn & Teller's Show, and to Teller himself.  It is considered one of the rare new plots in the canon of 20th Century magic and is Teller's principal claim to fame in magic history.  In fact, "Shadows" is still a major part of the Show currently running at The Rio, and it has been used so extensively and exclusively by Teller that it has become his signature piece - millions of people in the United States and around the world have seen Teller perform "Shadows," and have come to identify this signature piece with its creator and source: Teller.

**FACTS REGARDING DEFENDANT'S CONDUCT**

18.   Upon information and belief, Defendant is a Dutch professional entertainer, and along with his wife is part of a musical singing lounge act duo, currently performing a regular engagement in a hotel located in Fuerteventura, Spain (Canary Islands).

19.   Upon information and belief, a part of Defendant's act also includes performing magic tricks.   True and correct copies of printouts of webpages from Defendant's website at <www.losdosdeamberes.com>, showing that Defendant is in the business of providing entertainment services in the nature of musical performances as well as magic performances, are attached hereto as **Exhibit 2**.

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

*LV 419,730,139*

20.     Upon information and belief, Defendant has traveled to Las Vegas, Nevada and seen Penn & Teller's Show at The Rio, including Teller's dramatic performance of his signature piece "Shadows."

21.     Without authorization from Teller, Defendant has created a magic routine that is substantially similar to Teller's copyrighted work "Shadows."  Defendant calls his magic routine "The Rose & Her Shadow."

22.     Defendant has recorded a video of himself performing the dramatic work "The Rose & Her Shadow," and had posted it on the popular Internet website YouTube along with an advertisement offering to sell the magic trick to consumers.  True and correct copies of screen captures of the YouTube pages containing the video "The Rose & Her Shadow" are attached hereto as **Exhibit 3**.

23.     In fact, in the text beneath Defendant's YouTube video post, Defendant refers to Penn & Teller's Show, admitting that he has "seen the great Penn & Teller performing a similar trick and now I'm very happy to share my version…."  See **Exhibit 3**.

24.     Upon information and belief, Defendant created an advertisement for the sale of "The Rose & Her Shadow" trick, and has expressed his intention to Plaintiff to place this particular ad in magazines in Belgium and potentially other countries as well.  The Defendant's listed selling price for "The Rose and Her Shadow" is an amount equal to approximately USD $3,050.00.   A true and correct copy of the intended magazine advertisement for the sale of the magic trick "The Rose & Her Shadow" is attached hereto as **Exhibit 4**.

25.     On or about March 15, 2012, Plaintiff Teller became aware of the Defendant's video of "The Rose & Her Shadow" posted on YouTube, including the offer to sell the trick to consumers shown at the end of the video, and recognizing this as an infringement of his copyrighted work "Shadows," Plaintiff instructed his attorneys to send YouTube a DMCA takedown notice, eventually resulting in YouTube's removal of the Defendant's video from its website.

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

*LV 419,730,139*

26.     On or about March 22, 2012, Plaintiff Teller contacted Defendant by telephone and notified him that Defendant's work "The Rose & Her Shadow" was infringing on Plaintiff's copyrighted work "Shadows," and also informed him of YouTube's actions in removing Defendant's videos from the site.  Plaintiff requested that Defendant cease all use and offers to sell his infringing work "The Rose & Her Shadow;" however, Plaintiff did offer to pay Defendant for his work, as it could more efficient than filing a lawsuit.

27.     Defendant did not accept the terms offered by Plaintiff, but instead countered with a much higher sum that he would accept in payment for him to cease use and sale of the infringing work "The Rose & Her Shadow."

28.     Unfortunately, this higher payment offered by Defendant is unacceptable and uneconomical to Plaintiff, and Defendant has refused to permanently cease use and sale of the infringing work "The Rose & Her Shadow," and upon information and belief, Defendant continues to use the infringing work to date.

29.     Defendant has recently threatened that if Plaintiff does not come to terms soon, he will continue to use the infringing work "The Rose & Her Shadow" and sell it to the public throughout the world.  As such, Plaintiff has been forced to retain counsel to remedy Defendant's infringement.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## (Copyright Infringement, 17 U.S.C. § 106)

30.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though set forth fully herein.

31.     Plaintiff's work "Shadows" constitutes copyrightable subject matter, because it is a dramatic work within the meaning of Section 102(a) of The Copyright Act of 1976 ("The Copyright Act").

32.     "Shadows" is an original work of authorship fixed in a tangible medium of expression from which it can be perceived.   Plaintiff has taken all reasonable steps

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

*LV 419,730,139*

necessary to secure his copyright including obtaining a United States Copyright Registration with the U.S. Copyright Office.

33.     Plaintiff owns a valid copyright registration in "Shadows" and is the owner of all rights, title and interest in and to said work, and owns all rights, title and interest to the registered copyright of "Shadows," and has done nothing to abandon the copyrighted work or place it into the public domain.

34.     Upon information and belief, and without the knowledge, approval or consent of Plaintiff, Defendant willfully infringed and continues to infringe Plaintiff's copyright by reproducing, copying, duplicating, displaying, publically performing and using Plaintiff's copyrighted work for Defendant's own commercial purposes by publically performing and displaying Plaintiff's work, and making unauthorized video copies of Plaintiff's work for the purpose of being hired for his entertainment services, and offering to sell the work to third parties.  Defendant has done so with full knowledge that such acts are an infringement of Plaintiff's copyright, and such acts being in violation of Plaintiff's exclusive rights under The Copyright Act.

35.     Defendant's past and present acts violate Plaintiff's exclusive rights under Section 106 of the Copyright Act, 17 U.S.C. §106, and constitute willful and intentional infringement of the Plaintiff's copyright in his work "Shadows."

36.     Defendant has realized unjust profits, gains and/or advantages as a proximate result of its infringement.

37.     As evidenced by Defendant's copying, public performance, display and prominent use of Plaintiff's protected work for his own gain, Defendant's disregard of Plaintiff's previous demands and his misappropriation of Plaintiff's copyrighted and registered work, Defendant has infringed upon Plaintiff's copyright.

38.     As a direct and proximate result of Defendant's copyright infringement, Plaintiff has suffered monetary damages and irreparable injury to his business, reputation and goodwill.

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada  89169
(702) 792-3773
(702) 792-9002 (fax)

7.

COMPLAINT

*LV 419,730,139*

39.     Plaintiff has complied in all respects with the statutory requirements for the creation and enforcement of the copyright in his work "Shadows;" therefore, Plaintiff is entitled to an award of statutory damages for Defendant's infringement or, in the alternative, Plaintiff's actual damages and Defendant's profits.

40.     Furthermore, since Defendant's conduct has made it necessary for Plaintiff to engage the services of outside legal counsel to file this suit, Plaintiff is entitled to recover his reasonable attorney fees and court costs incurred in connection herewith.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

41.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs as though set forth fully herein.

42.     Defendant's use in commerce of his work "The Rose & Her Shadow," which is confusingly similar to Plaintiff's signature piece "Shadows," in connection with Defendant's entertainment services and related goods constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services, goods and commercial activities.

43.     Defendant's use in commerce of his work "The Rose & Her Shadow," which is confusingly similar to Plaintiff's signature piece "Shadows," with the knowledge that Plaintiff owns and has used and performed, and continues to use and perform, his signature piece "Shadows" constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services, goods and commercial activities.

44.     As a direct and proximate result of such unfair competition, Plaintiff has suffered, and will continue to suffer, monetary loss and irreparable injury to his business, reputation, and goodwill.

/ / /

/ / /

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

LV 419,730,139

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests for judgment in his favor and against Defendant, granting the following relief:

A.     A declaration that Defendant has infringed Plaintiff's copyright in the work "Shadows;"

B.     A permanent injunction preventing Defendant from using Plaintiff's copyrighted work in any way, including but not limited to ceasing all use and offers for sale of Defendant's infringing work "The Rose & Her Shadow;"

C.     Awarding to Plaintiff, pursuant to 17 U.S.C. §504, all actual damages suffered by Plaintiff and all additional profits earned by Defendant attributable to the copyright infringement; or, in the alternative, awarding to Plaintiff the statutory damages provided by 17 U.S.C. §504;

D.     Awarding to Plaintiff, pursuant to 17 U.S.C. §505, a reasonable sum as attorneys' fees and costs incurred in prosecuting Plaintiff's claim for copyright infringement;

E.     A preliminary and permanent injunction prohibiting Defendant, his respective officers, agents, servants, employees and/or all persons acting in concert or participation with him, from using Plaintiff's signature piece "Shadows" or confusingly similar variations thereof, in commerce or in connection with any business or for any other purpose;

F.     An award of compensatory, consequential, statutory, and punitive damages to Plaintiff in an amount to be determined at trial;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

9.

*LV 419,730,139*

G.     An award of interests, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action; and

H.     All other relief to which Plaintiff is entitled.

DATED:  April 11th, 2012.

GREENBERG TRAURIG, LLP

/s/ Mark G. Tratos
Mark G. Tratos (Bar No. 1086)
Peter H. Ajemian (Bar No. 9491)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

Greenberg Traurig, LLP
Suite 400 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89169
(702) 792-3773
(702) 792-9002 (fax)

COMPLAINT

10.

LV 419,730,139