Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Peter H. Ajemian (Bar No. 9491)
ajemianp@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Teller, an individual,<br><br>                    Plaintiff,<br><br>v.<br><br>Gerard Dogge (P/K/A, Gerard Bakardy) an individual,<br><br>                    Defendant. | Case No. 2:12-cv-00591-JCM-GWF<br><br>**EMERGENCY MOTION TO EXTEND THE TIME FOR SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANT GERARD DOGGE AND FOR SERVICE BY PUBLICATION OR AN ALTERNATIVE FORM OF SERVICE [FIRST REQUEST]** |

   Plaintiff Teller, an individual residing in Nevada (hereinafter "Teller" or "Plaintiff"), by and through his attorneys Greenberg Traurig, LLP, hereby files this Motion to Extend the Time for Service of the Complaint and Summons upon Defendant Gerard Dogge (P/K/A, Gerard Bakardy) ("Dogge") and for Service by Publication or an Alternative Form of Service on an *emergency* basis. This is the first request for an extension of time for service made by Plaintiff.

   Plaintiff has made diligent efforts to locate Defendant, but Defendant has successfully avoided service of process. This emergency Motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Mark G. Tratos, Esq., and the pleadings and papers on file herein and any and all hearings and oral arguments

1.

LV 419,812,057

allowed by this Court.  Plaintiff requests that this motion be heard on an emergency basis as the deadline to complete service upon the Defendant is August 9, 2012.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND STATEMENT OF RELEVANT FACTS

This diversity action seeks redress for Defendant's copyright infringement and unfair competition related to the infringing work "The Rose & Her Shadow."

Plaintiff filed this lawsuit on April 11, 2012 [Docket # 1] and named Gerard Dogge as Defendant.  Upon information and belief, Defendant Dogge is a professional entertainer, musician and singer, who also performs magic, and is know to be a Belgium national. Dogge has been known to reside in Fuerteventura, Spain as of March, 2012, and subsequently Stabroek, Beglium.  See Positive Trace Report attached hereto as **Exhibit 1**.

On April 30, 2012, Plaintiff engaged a private investigator to attempt to locate Dogge.  On May 7, 2012, Plaintiff received an address for Dogge in Stabroek, Belgium. See id.  Plaintiff engaged Patrick Hofstrossler ("Hofstrossler") with the law firm Eubelius of Antwerp, Belgium, in an attempt to locate and serve Defendant Dogge.  Hofstrossler attempted to serve Dogge at his Stabroek, Belgium, address, however Dogge could not be located.  See letter dated July 24, 2012 regarding attempts of service attached hereto as **Exhibit 2**.  Upon further research Hofstrossler was informed by a local Bailiff that Dogge owned a café in the area that had long since been abandoned.  See id.  Due to the nature of Dogge's profession, he is known to travel extensively for his performances and only remains in these locations for short periods of time.

Due to the various difficulties in locating Dogge, Plaintiff has not yet been able to serve Defendant Dogge and requests that this Court grant its request for service by publication with a courtesy copy via electronic mail to *Gerard-Bakardy@hotmail.com*. There will be no prejudice to Dogge from such alternative service, as the Defendant is fully aware of the claims against him.  In fact, Defendant Dogge has posted a YouTube video in response to the claims, in which Dogge posts his email address *Gerard-Bakardy@hotmail.com*.  See Screenshots of YouTube video attached hereto as **Exhibit 3**.

2.

Fed.R.Civ.P. 4(m) provides that the Court may extend the period for service if the Plaintiff shows good cause for the failure to timely serve. Plaintiff respectfully submits that good cause exists to extend the period of time in which to serve Gerard Dogge and to complete service by publication and/or electronic mail.

## II.  LEGAL ARGUMENT

### A.  This Court Should Grant an Order Permitting Service by Publication

F.R.C.P. Rule 4(f))(4) provides

**Court Order**:  In any other manner directed by the Court, so long as the chosen method is not prohibited by international agreement.

Nevada Rule of Civ. Proc. 4(e)(1)(i) provides:

> When the person to whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or justice may grant an order that the service be made by the publication of summons.

(emphasis added).

As set forth in the Declaration of Counsel attached hereto, Plaintiff has a valid cause of action against Defendant, but has not been able to locate and serve Dogge.  This Court is justified under F.R.C.P. Rule 4(f)(3) and N.R.C.P. Rule 4(e)(1)(i) to Order that Dogge be served by Publication and/or electronic mail.  Pursuant to F.R.C.P. Rule 4(m) "…if the plaintff shows good cause for the failure, the court must extend the time for service for an appropriate period."

### B.  This Court Should Extend the Time for Service Since Plaintiffs Have Good Cause for Failing to Serve

Here, as "the plaintiff [has shown] good cause for the failure, the court must extend the time for service for an appropriate period."   See F.R.C.P. Rule 4(m); <u>In re Sheehan</u>, 253 F.3d 507, 512 (9th Cir. 2001).  If good cause is shown, a district court abuses its

3.

discretion if it fails to grant additional time for service.  <u>DeTie v. Orange County</u>, 152 F.3d 1109, 1111-1112 (9th Cir. 1998).  Moreover, even without a showing of good cause, courts have discretion to grant additional time to complete service.  <u>Id</u>.  Good cause for failure to timely serve will be found, and plaintiff will receive additional time to serve, if defendant takes affirmative actions to frustrate service of process.  <u>Williams-Gucie v. Board of Educ</u>., 45 F. 3d 161, 164 (7th Cir. 1995).

      As demonstrated herein, Defendant has admitted knowledge of the instant dispute, yet has avoided or frustrated Plaintiff's attempts to formally serve his pleadings at every opportunity.  Plaintiff has attempted to contact the Defendant by phone, email, and at known residences, on numerous occasions.  Due to Defendant's public acknowledgment of the claims against him, it is highly likely that Defendant is aware of the current lawsuit against him and is purposely avoiding service.  <u>See</u> id.  The end of the formal service process ends on August 9, 2012.

      Plaintiff has demonstrated a lengthy pattern of due diligence in attempting to serve Defendant.  However, due to Defendant's dilatory and evasive tactics, it is unlikely that any progress in serving Defendant will be made by the service period end date.  As such, Plaintiff has demonstrated good cause as to why an extension of the service period is just and necessary and Plaintiff's need for service by alternative means.  Plaintiff therefore respectfully requests that this Court grants an extension to the service period, and an order allowing service by publication and/or email.

//

//

//

//

4.

### III. CONCLUSION

Based on the foregoing, Plaintiff Teller respectfully requests that the Court (a) grant this Motion for service by publication or an alternative method of service; and (b) grant Plaintiffs an extension until October 9, 2013 to serve Defendant Gerard Dogge. A copy of the Proposed Order Allowing Service by Publication is attached hereto as **Exhibit 4**.

DATED: August 6th, 2012.

        GREENBERG TRAURIG, LLP

        */s/ Mark G. Tratos*
        Mark G. Tratos (Bar No. 1086)
        Peter H. Ajemian (Bar No. 9491)
        3773 Howard Hughes Parkway
        Suite 400 North
        Las Vegas, Nevada 89169
        Counsel for Plaintiff

LV 419,812,057