# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TELLER, an individual,

        Plaintiff,

vs.

GERARD DOGGE (p/k/a GERARD BAKARDY), an individual,

        Defendant.

Case No. 2:12-cv-00591-JCM-GWF

**ORDER**

Motion for Service by Publication (#8)

        This matter comes before the Court on Plaintiff's Motion for Service by Publication or an Alternative Form of Service (#8), filed on August 6, 2012. In conjunction with this motion, Plaintiff also requested an extension of time for service, which the Court granted on August 7, 2012. *See* Order (#9). Plaintiff states that he is unable to locate Defendant to perfect service, despite numerous attempts. Plaintiff indicates that Defendant is a Belgium national who frequently resides in Fuerteventura, Spain and therefore requests permission to serve Defendant by publication in Spain and Belgium and by email at Defendant's last known email address: gerard-bakardy@hotmail.com.

        Fed. R. Civ. P. 4(f)(1) states that service may be accomplished by any internationally agreed upon means such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Upon review, both Spain and Belgium are members of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. Nov. 15, 1965, 20 U.S.T. 361 ("Hague Service Convention"). The Hague Service Convention provides however that "[t]his convention shall not apply where the address of the person to be served with the document is not known." *See also BP Products N.A., Inc. v.*

*Dagra*, 236 F.R.D. 270, 271 (E.D.Va. 2006). Here, Plaintiff has made significant efforts to uncover Defendant's current physical address or location, but has been unsuccessful. Consequently, because Defendant's whereabouts are unknown, the Hague Service Convention does not apply. In the absence of an international agreement, Rule 4(f)(3) applies. Rule 4(f)(3) provides only two express limitations on alternate means of service of process on a foreign individual—it "must be (1) directed by the court; and (2) not prohibited by international agreement." *Rios Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

The court has discretion to allow service by various means. *See* Fed. R. Civ. P. 4(f). The court however must also assure itself that the proposed alternate method of service "comport[s] with constitutional notions of due process.*" Rio Props.*, 284 F.3d at 1016. *See also Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("To meet this requirement, the method of service crafted by a district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' "). Trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and email. *See SEC v. Tome*, 833 F.2d 1086, 1094 (2nd Cir. 1987) (condoning service of process by publication in the Int'l Herald Tribune); *Smith v. Islamic Emirate*, 2001 WL 1658211, at *2-3 (S.D.N.Y. 2001) (authorizing service of process on terrorism impresario Osama bin Laden and al-Qaeda by publication); *Levin v. Ruby Trading Corp.*, 248 F.Supp. 537, 541–44 (S.D.N.Y. 1965) (employing service by ordinary mail); *Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176–78 (2nd Cir. 1979) (approving service by mail to last known address); *Forum Fin. Group*, 199 F.R.D. at 23–24 (authorizing service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F.Supp. 73, 80 (S.D.N.Y. 1980) (allowing service by telex for Iranian defendants); *Broadfoot v. Diaz* ( In re Int'l Telemedia Assoc.), 245 B.R. 713, 719–20 (Bankr.N.D. Ga. 2000) (authorizing service via email).

Courts have recognized that "service by publication ... is an acceptable alternative means under 4(f)(3), so long as diligent attempts have been made to locate the defendant and serve process

1  by traditional means, and the publication is one that likely would reach the defendant." *BP*
2  *Products*, 236 F.R.D. at 272; *see also SEC v. Tome*, 833 F.3d 1086, 1093 (2d Cir.1987).
3  Additionally, prior to authorizing service by publication, courts have required that the defendant be
4  aware of the suit and claims against them. *Rio Props.*, 284 F.3d at 1016; *Tome*, 833 F.3d at
5  1093–94; *BP Products*, 236 F .R.D. at 272; *In re Maxon Eng'g Servs., Inc.*, 418 B.R. 653, 666
6  (D.P.R.2009).  Plaintiff has provided sufficient evidence to prove that Defendant is aware of this
7  suit and the claims against him.  Plaintiff provides partially redacted email communications
8  between Defendant and Plaintiff concerning the claims of this lawsuit.  Further, Plaintiff has
9  provided an email communication between a Thomson Reuters correspondent and Defendant,
10 wherein Defendant states "[a]t the moment I am waiting for a response from Mr. Teller to settle
11 this delicate case out of court and out of media." *See* Motion (#8-1).  Plaintiff has also provided
12 screen shots from a Youtube video allegedly posted by Defendant, which further indicates that
13 Defendant is aware of Plaintiff's claims against him. *See* Motion (#8-4).  The Court finds that the
14 evidence provided is sufficient to prove that Defendant has prior knowledge of Plaintiff's claims
15 against him, such that service by publication in Spain and Belgium is proper and comports with
16 constitutional notions of due process.
17       In addition to service by publication, Plaintiff requests to serve Defendant by sending the
18 summon and complaint to Defendant via email.  Under the facts and circumstances presented here,
19 Rule 4(f)(3) clearly authorizes the Court to direct service upon Defendant by electronic mail.   In
20 *Rio Properties*, the Court found "not only that service of process by email was proper—that is,
21 reasonably calculated to apprise RII of the pendency of the action and afford it an opportunity to
22 respond—but in this case, it was the method of service most likely to reach RII." 284 F.3d at 1017.
23 The Court notes that the only means of communication between the Plaintiff and Defendant has
24 been electronic mail.  Service by email seems appropriate here based on Plaintiff's representation
25 of Defendant's frequent and unexpected travel.  It appears that service by email is the method of
26 service most likely to reach Defendant.  The Court will therefore grant Plaintiff's request and allow
27 service on Defendant by publication and email communication.  Accordingly,
28 . . .

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Service by Publication or an Alternative Form of Service (#8) is **granted**. Service by publication and email shall be deemed adequate service in this matter.

**IT IS FURTHER ORDERED** that Plaintiff serve via email to Defendant's last known email address, gerard-bakardy@hotmail.com, a copy of the summons and complaint.

**IT IS FURTHER ORDERED** that Notice of Service shall be published once a week for four consecutive weeks in a publication of general distribution in Antwerpen, Belgium and Fuerteventura, Spain in accordance with Nev. R. of Civ. Pr. 4(e).

DATED this 9th day of August, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge