Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Peter H. Ajemian (Bar No. 9491)
ajemianp@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Teller, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Gerard Dogge (P/K/A, Gerard Bakardy) an individual,<br><br>Defendant. | Case No. 2:12-cv-00591-JCM-GWF<br><br>**PLAINTIFF'S REQUEST FOR AN ORDER SHORTENING TIME AND DETERMINATION OF EXEMERGENCY MOTION FOR ANTI-SUIT INJUNCTION** |

Pursuant to Local Rule 6-1, plaintiff Teller ("Teller"), by and through his attorneys, Greenberg Traurig, LLP, hereby moves the court for an order shortening time to hear his emergency motion for anti-suit injunction. This request is based on the requirements of Local Rule 6-1, the Declaration of Mark G. Tratos, Esq., together with the pleadings on file herein and any oral argument the Court may allow.

DATED: August 30th, 2012.

GREENBERG TRAURIG, LLP

Mark G. Tratos (Bar No. 1086)
Peter H. Ajemian (Bar No. 9491)
3773 Howard Hughes Parkway, Suite 400N
Las Vegas, Nevada 89169
Counsel for Plaintiff

1.

LV 419,844,783v1 8-30-12

**DECLARATION OF MARK G. TRATOS IN SUPPORT OF ORDER SHORTENING TIME**

I, Mark G. Tratos, declare under penalty of perjury under the laws of the United States that the facts contained herein are of my personal knowledge, and if called upon, I could and would competently testify to them.

1. I am a shareholder at the law firm of Greenberg Traurig, LLP ("Greenberg"), counsel for plaintiff Teller ("Teller") and I make this declaration in support of Plaintiff's Request for An Order Shortening Time and Determination of Emergency Motion for Anti-Suit Injunction.

2. Plaintiff filed this lawsuit on April 11, 2012 [Docket # 1] and named Gerard Dogge ("Dogge") as defendant. Upon information and belief, defendant Dogge is a professional entertainer, musician and singer, who also performs magic, and is known to be a Belgium national. Dogge has been known to reside in Fuerteventura, Spain as of March, 2012, and subsequently Stabroek, Beglium.

3. After engaging a private investigator to locate Dogge, on May 7, 2012, my office received an address for Dogge in Stabroek, Belgium. My office engaged Patrick Hofstrossler with the law firm Eubelius of Antwerp, Belgium, to serve Dogge, however Dogge could not be served.

4. Due to the nature of Dogge's profession, he is known to travel extensively for his performances and only remains in these locations for short periods of time.

5. Due to the various difficulties in locating Dogge, my office has not yet been able to serve Defendant Dogge. On August 9, 2012, Magistrate Foley granted plaintiff's request for service by publication with a courtesy copy via electronic mail to *Gerard-Bakardy@hotmail.com*. The Court found service in this manner would not result in prejudice to Dogge, as the defendant is fully aware of the claims against him. In fact, defendant Dogge has posted a YouTube video in response to the claims, in which Dogge posts his email address *Gerard-Bakardy@hotmail.com*. My paralegal has served Mr. Dogge a copy of the complaint via electronic mail and we are currently in the process of having notice published in newspapers circulated in Spain and Belgium.

6. Recently, it became even clearer that Dogge is aware not just of the existence of this lawsuit, but also of its substance, and obscure details within plaintiff's filings. On July 27, 2012, Defendant Dogge filed a lawsuit of his own, claiming that one of the exhibits to plaintiff's

2.

Complaint defamed him. Dogge filed this complaint in the Antwerp Court of First Instance, Belgium. As of this filing, Teller has not been served with Dogge's complaint, although it was delivered to the corporate headquarters of his place of business, the Rio All-Suite Hotel & Casino in Las Vegas, Nevada. Teller has also informed me that he has received notification at his home of an attempt to serve a legal document, which he believes is the Belgium complaint.

7. Should this complaint be served upon Teller and this lawsuit in Belgium begin in earnest prior to any injunction which this Court may order, unnecessary expense, travel and time would be incurred by Teller in defending the suit.

8. Based upon the above-listed reasons, plaintiff Teller respectfully requests his emergency motion for anti-suit injunction be heard on an order shortening time.

DATED: August 30th, 2012.

GREENBERG TRAURIG, LLP

_____
Mark G. Tratos (Bar No. 1086)
Peter H. Ajemian (Bar No. 9491)
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Counsel for Plaintiff

### ORDER

Good cause appearing, Plaintiff's Request for an Order Shortening Time and Determination of Emergency Motion for Anti-Suit Injunction will be heard on the 6th day of September, 2012, at 2:30, p.m., before the Honorable James C. Mahan, in Courtroom 6A at the Lloyd D. George United States Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada, 89101.

_____
UNITED STATES DISTRICT JUDGE

DATE AND TIME: 31 Aug 2012

3.