UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TELLER, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GERARD DOGGE (p/k/a GERARD BAKARDY), an individual,<br><br>　　　　　Defendant. | Case No.  2:12-cv-00591-JCM-GWF<br><br>**ORDER**<br><br>Motion to Seal Documents (#41) |

　　　　This matter comes before the Court on Plaintiff Teller's ("Plaintiff") Motion to Seal Exhibits to Dogge's Miscellaneous Motions/Defenses (#41), filed on November 2, 2012. Defendant Gerard Dogge ("Defendant") filed a timely Opposition (#43) on November 8, 2012. Plaintiff filed a timely Reply (#45) on November 16, 2012.

　　　　Defendant filed his Miscellaneous Motions/Defenses (#34-38) ("Motions") on October 22, 2012.  Defendant filed his Answer (#39) to Plaintiff's Complaint ("Answer") on October 24, 2012. Attached to the Motions and Answer as Exhibit 3 is an email from Plaintiff to Defendant containing a settlement offer.  Attached to the Motions and Answer as Exhibit 4 is an email from Plaintiff's Counsel to Defendant containing the same settlement offer.  In the instant Motion (#41), Plaintiff moves the Court to seal Exhibits 3 and 4 to the Motions and Answer.  Plaintiff also requests the Court to seal Attachment 1 to Plaintiff's Emergency Motion for Service by Publication (#8), which is identical to Exhibit 4 to Defendant's Motions and Answer.  Finally, Plaintiff requests the Court to redact his personal email address from Exhibit 10 to Defendant's Motions and Answer.

　　　　Courts may seal non-dispositive documents and exhibits upon a showing of "good cause." *Selling Source, LLC v. Red River Ventures, LLC*, 2011 WL 1630338, *1 (D. Nev. 2011).  The

moving party must show that specific harm will result if the court does not seal the documents. *Id.* Courts must then balance the public and private interests at stake to determine whether the documents should be sealed. *Id.* "Confidential research, development, or commercial information" may be sealed from public access. *See* Fed. R. Civ. P. 26(c)(1)(G). While Rule 26 ordinarily applies to discovery, courts have applied it to seal complaints, answers, and other documents. *See, e.g., Selling Source*, 2011 WL 1630338 at *2.

Plaintiff asserts Exhibits 3 and 4 to Defendant's Motions and Answer and Attachment 1 to Plaintiff's Motion (#8) ("Exhibits") contain sensitive pre-litigation settlement offers, proprietary prop development fees, and proprietary information regarding the illusion at issue in this litigation. Plaintiff claims public access to this information poses a specific harm to Plaintiff, as it would hinder his future ability to negotiate with prop developers. Defendant asserts he does not understand the implications of sealing the Exhibits, and expresses concern that sealing the Exhibits will affect his ability to use them in future pleadings and at trial. The Court finds that public accessibility to the Exhibits poses a specific harm to Plaintiff, and that the balance between the public and private interests at stake weighs in favor of Plaintiff. Therefore, the Court finds it is appropriate to seal the Exhibits. Sealing the Exhibits does not affect Defendant's ability to use them in this litigation, to the extent they are relevant and admissible. The Exhibits may nevertheless be inadmissible at trial, however, under Federal Rule of Evidence 408's proscription against introducing settlement offers as evidence. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Teller's Motion to Seal Certain Documents Filed as Exhibits to Dogge's Answer and Dogge's Miscellaneous Motions/Defenses (#41) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall seal Exhibits 3 and 4 to Defendant Gerard Dogge's Motion for the Court to Provide a Translator (#34), Motion to Permit Use of Video and Audio (#35), Motion to Allow Plaintiff to be Questioned (#36), Motion to Set a Time Limit to the Pleadings (#37), Motion to Inform the Defendant in which way the Court guarantees his Security (#38), and Answer (#39).

. . .

**IT IS FURTHER ORDERED** that the Clerk of the Court shall seal Attachment 1 to Plaintiff Teller's Emergency Motion for Service by Publication (#8).

**IT IS FURTHER ORDERED** that the Clerk of the Court, to protect Plaintiff's personal email address, shall seal Exhibit 10 to Defendant's Motion for the Court to Provide a Translator (#34), Motion to Permit Use of Video and Audio (#35), Motion to Allow Plaintiff to be Questioned (#36), Motion to Set a Time Limit to the Pleadings (#37), Motion to Inform the Defendant in which way the Court guarantees his Security (#38), and Answer (#39).  To the extent Defendant wishes Exhibit 10 be a part of the public record, Defendant is instructed to re-file it with Plaintiff's email address redacted.

DATED this 20th day of November, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge