UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TELLER, an individual,

        Plaintiff(s),

v.

GERARD DOGGE (p/k/a Gerard Bakardy) an individual,

        Defendant(s).

2:12-CV-591 JCM (GWF)

**ORDER**

Presently before the court is pro se defendant's motion to seal. (Doc. # 22). Plaintiff filed a response (doc. # 27), and defendant has not filed a reply.

Also before the court is plaintiff's motion for waiver of service and personal jurisdiction defenses. (Doc. # 24). Defendant filed a response. (Doc. # 25). Defendant also filed an independent untitled motion (doc. # 26) that argues the same service and personal jurisdiction issues.[1] Plaintiff filed a response and reply to the motions. (Doc. # 32).

Also before the court is plaintiff's motion for clarification, or, in the alternative, motion for reconsideration. (Doc. # 31). Defendant filed a response in opposition (doc. # 40), and plaintiff a reply (doc. # 44).

. . .

. . .

---

[1] Defendant's response (doc. # 25) and motion (doc. # 26) are identical documents.

**James C. Mahan**
**U.S. District Judge**

## I. Background

### A. Factual Background

Plaintiff is a prominent magician. In 1976, Plaintiff developed an illusion known as "Shadows." (Compl., doc. # 1 at ¶14). Plaintiff successfully copyrighted the illusion with the U.S. Patent Office in 1983. (*Id.*, Ex. 1). Plaintiff has performed the "Shadows" illusion in front of an audience thousands of times in Las Vegas and across the country, and the illusion has become the signature illusion of his entertainment career. (*Id.* at ¶ 16).

Defendant is likewise an entertainer, based out of Europe. (*Id.* at ¶¶ 18-19 & Ex. 2). Defendant allegedly, at some date in the past, traveled from Europe to Las Vegas and watched plaintiff's entertainment show in person. (*Id.* at ¶¶ 20-22). Defendant, without authorization from plaintiff, allegedly created an illusion known as "The Rose & Her Shadow" that is similar to plaintiff's signature illusion "Shadows." (*Id.* at ¶¶ 20-22). Defendant then posted a video of himself on YouTube performing the illusion and offering to sell the secrets to the illusion at the conclusion of the video. (*Id.* at ¶¶ 22-23).

After discovering the YouTube video, plaintiff's counsel contacted YouTube about taking down the video because it allegedly infringed on plaintiff's copyrights, and YouTube eventually complied. (*Id.* at ¶ 25). Plaintiff then contacted defendant and informed defendant about the potential infringement of plaintiff's illusion.[2] (*Id.* ¶¶ 26-29). Plaintiff and defendant then began informal settlement negotiations that proved unfruitful. (*Id.* at ¶¶ 26-29).

### B. Procedural Background

The above referenced facts culminated in plaintiff filing a complaint in this court on April 11, 2012, for copyright infringement in violation of 18 U.S.C. § 106 and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). (*See id.*).

. . .

---

[2] Plaintiff contacted defendant via an email address that defendant posted to his own YouTube video. Communications occurred between plaintiff and defendant before the initiation of this lawsuit and before defendant went "underground" to evade service. (*See* doc. # 8, Declaration of Mark Tratos, Attachment 1).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    Defendant's citizenship and current whereabouts are unknown, and have not been known
2 since the commencement of the action. (*See* Compl, doc. # 1 at ¶18; Belgian Writ of Summons, doc.
3 # 18, Ex. 1; doc. # 21).[3] On April 30, 2012, plaintiff hired a private investigator to locate defendant
4 in Belgium and serve defendant with the summons and complaint. (Doc. # 11, Ex. 2). Additionally,
5 plaintiff retained a top Belgian law firm to properly effectuate service upon defendant. (Doc. # 11,
6 Ex. 3). To date, defendant has evaded personal service and cannot be located in Belgium, Spain, or
7 in any other country in Europe. (*See* docs. ## 11 & 24).

8    Even without service, defendant became intimately knowledgeable of the details of this
9 lawsuit. (*See* Belgian Writ of Summons, doc. # 18). On or about July 27, 2012, defendant filed a
10 lawsuit against plaintiff in a Belgian court alleging defamation, among other things, based upon
11 plaintiff's complaint and filings in the instant lawsuit. (*Id.*). It is worth noting that defendant filed
12 his lawsuit in Belgium, based on the pleadings in the American lawsuit, before this court authorized
13 service by publication. (*Id.*; Order Granting Motion for Service by Publication, doc. # 10). Defendant
14 has been aware of the filings in this suit from the beginning.

15    After defendant filed the Belgian lawsuit, plaintiff filed an emergency motion for service by
16 publication. (Doc. # 8). This court promptly granted service by publication using defendant's email
17 address associated with the YouTube video. (Doc. # 10).  Defendant has now made multiple filings
18 with this court including responses to motions, defendant's own motions, and an answer to plaintiff's
19 complaint.  The court will address each motion in turn.

20 **II.    Motion to Seal**

21    A court should "treat judicial records attached to dispositive motions differently from records
22 attached to non-dispositive motions." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172,
23 1180 (9th Cir. 2006).  "Those who seek to maintain the secrecy of documents attached to dispositive
24 motions must meet the high threshold of showing that 'compelling reasons' support secrecy.  A

---

[3] These documents suggest that defendant is most likely either a Dutch or Belgian citizen. They further suggest that defendant could either be in Belgium, Spain, or any other country in Europe.

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  'good cause' showing under Rule 26© will suffice to keep sealed records attached to non-dispositive
2  motions." *Id.* (internal citations omitted).

3  Defendant states that "to prove to the Court how serious the Antwerp defamation case is, and
4  how incriminating the [sic], by Mr. Teller, used documents are, it is necessary to show the US Court
5  one of the exhibits used in the defamation litigation in Antwerp. These documents contains [sic]
6  pornographic images." (Doc. # 22). Plaintiff counters by arguing that the proposed sealed evidence
7  "is largely irrelevant . . ., lacks foundation, is presumably unauthenticated, and is meaningless
8  without context." (Doc. # 27).

9  The court agrees with plaintiff. Whatever may be the current status of the lawsuit between
10 these two in Belgium, it is presently irrelevant to this court and this lawsuit. The offered sealed
11 exhibit–pornographic material–would have no bearing on the outcome of this lawsuit. It is irrelevant
12 and unnecessary. The motion is denied. Defendant shall not file any pornographic material with this
13 court as a sealed exhibit or otherwise.

14 **III.   Waiver of Service and Personal Jurisdiction**[4]

15 Plaintiff's motion (doc. # 26) seeks an order from this court holding that defendant has either
16 waived the defenses of service and personal jurisdiction or is subject to this court's jurisdiction
17 outright. Defendant filed a response arguing against this court exercising personal jurisdiction and
18 against waiving the service requirement. Defendant also filed a motion contesting personal
19 jurisdiction and service.

20 The defendant filed an answer to the complaint contemporaneously with five unrelated
21 motions that the magistrate judge has since resolved. Defendant filed his answer before: (1) the
22 court ruled on plaintiff's motion to waive personal jurisdiction and service (doc. # 24); (2) the court
23 ruled on defendant's own motion asserting personal jurisdiction and waiver defenses (doc. # 26);
24 and (3) before plaintiff's motion to reconsider (which this court resolves in section IV *infra*) was

---

[4] The court notes that this argument between the parties continues in defendant's untitled motion (doc. # 26) and plaintiff's response/reply (doc. # 32). The court agrees with plaintiff's characterizations of defendant's arguments in that they are bizarre and irrelevant.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  even ripe.

2      The answer generally denies the copyright allegations, makes arguments regarding the defamation lawsuit currently pending in Belgium, and asks for a jury comprised of magicians. The answer is largely nonsensical. For example, defendant states "[m]agicians are like clowns, they only serve to entertain. Obviously stealing from each other is out of the question, and this has not happened here." (Doc. # 39, 8:25-27).

    The defendant filed an answer to the complaint and thereby waived the defenses of personal jurisdiction and service. However, in the interest of justice, the court will go to the merits of both personal jurisdiction and service–even though those defenses have been waived. The court ultimately concludes that it has personal jurisdiction over the defendant and that service was proper.

    *A.    Personal Jurisdiction*

    This court must consider the following three-prong test for analyzing a claim of specific jurisdiction:

> "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing and quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985).

    With respect to prong one, a plaintiff must establish that the defendant either purposefully availed or purposefully directed him or herself to the forum state. *See id.* at 802. A purposeful direction analysis is appropriate for suits sounding in tort, whereas purposeful availment is more

James C. Mahan
U.S. District Judge

- 5 -

1 appropriate for suits sounding in contract. *Id.* (citing *Dole Food Co., Inc v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). For purposeful direction, courts should also consider the three-part effects test from *Calder v. Jones*, 465 U.S. 783 (1984). "Under *Calder*, personal jurisdiction can be based upon: (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered-and which the defendant know is likely to be suffered-in the forum state." *Panavision Int'l., L.P. v. Toeppen*, 171 F.3d 1316, 1321 (9th Cir. 1998). The purposeful direction test applied for tort cases encompasses trademark and copyright suits. *Id.*

Defendant eventually filed an answer in this case, a response to plaintiff's motion to waive personal jurisdiction and service, and his own independent motion addressing waiver and personal jurisdiction issues. (Docs. ## 25-26, 30). Plaintiff alleges to have met defendant when defendant approached him after a show. Defendant admits to spending a week in Las Vegas. Defendant also cannot deny there is a YouTube video of him performing an illusion that appears to be very similar to the illusion "Shadows" performed by plaintiff on an almost nightly basis for several years at his shows in Las Vegas. If the intentional acts by defendant were going to have effects anywhere, it would be Las Vegas.

Plaintiff can establish the first two prongs under *Schwarzenegger* and each part of the effects test from *Calder*. The defendant purposefully directed his activities (a YouTube video) at the forum and it seems as if defendant learned of the illusion in the video by seeing a show in Las Vegas. The court further finds that the exercise of personal jurisdiction is reasonable. Defendant is subject to the personal jurisdiction of this court.

B. Service

A personal jurisdiction and service analysis intertwine in certain contexts. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction."). A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly under Federal Rule of Civil Procedure 4. *McCarty v. Roos*, no. 11-cv-1538, 2012 WL 2885174, at *2 (D. Nev. July 12, 2012) (citing *Direct Mail Specialists, Inc.*

**James C. Mahan**
**U.S. District Judge**

- 6 -

1   *v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).  Nevertheless, "Rule 4 is a
2   flexible rule that should be liberally construed so long as a party receives sufficient notice of the
3   complaint." *Benny*, 799 F.2d at 492 (quoting *United Food & Commercial Workers Union v. Alpha*
4   *Beta Co.*, 735 F.2d 1371, 1382 (9th Cir. 1984)).

5         Throughout the course of this litigation, defendant has admitted the he is fully aware of all
6   pertinent happenings, motions, and developments; however, he insists that service has been
7   inappropriate.  Defendant has even stated "I will, after being served in the legal way, obey to the
8   Court [sic] by taking my responsibility, I will defend myself and prove that there was no copyright
9   infringement at all." (Doc. # 21, 3:15-17).  Defendant continues by stating, "[i]t is also not logic to
10  think I should file a 'counterclaim' since I have not been informed officially by legal service of
11  summons."  (*Id.* at 3:18-19).  However, this court already permitted service by publication to an
12  email address that defendant listed on his own YouTube video, and plaintiff has attached proof that
13  defendant opened the emails. (Declaration of Cynthia Nay, Doc. # 24, Attachment 1, Exs. 2-3).  The
14  only reason defendant has not been personally served, as in a copy of the summons and complaint
15  delivered into defendant's hand, is because defendant surreptitiously evaded substantial attempts of
16  service by plaintiff.

17        Further, "[t]he general attitude of the federal courts is that the provisions of Federal Rule 4
18  should be liberally construed in the interest of doing substantial justice and that the propriety of
19  service in each case should turn on its own facts within the limits of the flexibility provided by the
20  rule itself."  Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1083 (3d ed.); *see also Petrie v. C.I.R.*,
21  686 F.Supp. 1407, 1411 n. 5 (D. Nev. 1988) (stating that the interpretation that Rule 4 be construed
22  to do substantial justice "is consistent with the modern conception of service of process as primarily
23  a notice-giving device.").  "The party on whose behalf service of process is made has the burden of
24  establishing its validity when challenged; to do so, [he or] she must demonstrate that the procedure
25  employed to deliver the papers satisfied the requirements of the relevant portions of Rule 4 and any
26  other applicable law." *Id.*

27  . . .

28

James C. Mahan
U.S. District Judge

- 7 -

1    In defendant's first filing the court, he states "I'm over the age of 18 years and residing in Belgium – Europe." (Doc. # 16; 1:19).[5] When serving an individual in a foreign country, Rule 4(f)(1) states service can be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Aborad of Judicial and Extrajudicial Documents." However, Article I of the convention states that it "shall not apply where the address of the person to be served with the document is not known." Hague Service Convention, art. 1, Nov. 15, 1965, 20 U.S.T. 361.

Defendant's location and address are unknown because he has purposefully gone underground in an attempt to subvert service. Even though the Hague Convention never applied to defendant, plaintiff has made substantial efforts to comply with the treaty and properly provide notice to defendant. Plaintiff has attempted to serve defendant in all the following ways: retaining a Belgian law firm to assist with service; hiring the Firbank Bureau Investigation, international private investigators, to locate defendant; mailing defendant certified copies of the complaint and summons to every rumored address of the defendant; mailing and attempting to personally serve defendant at the address listed in his own complaint in the Belgian action; mailing a copy of the legal proceedings and emailing a copy of the complaint and summons to the counsel listed by defendant in his Belgian complaint; and, hiring a Belgian bailiff to attempt to personally serve defendant at every rumored address. (*See* docs. ## 1, 8, 11, 24).

This court has already permitted service by publication pursuant to Rule 4(f)(3) because defendant's address and whereabouts are unknown and therefore the Hague Convention does not apply. (Doc. # 10). "Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Rio Properties, Inc., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). In *Rio*, the Ninth Circuit permitted email service by publication because the defendant "listed no easily discoverable street address in the United States or [abroad] . . . and designated its email address as its preferred contact

---

[5] In defendant's second filing with the court, he states that he resides and works in "Europe, mainly in Belgium and Spain." (Doc. # 21; 1:17). In his answer, he states he resides in Belgium. (Doc. # 39).

James C. Mahan
U.S. District Judge

- 8 -

1  information." *Id.* at 1018. Like the defendant in *Rio*, "[i]f any method of communication is
2  reasonably calculated to provide [defendant] with notice, surely it is email." *Id.* at 1018. In fact, one
3  concern of the *Rio* court was that "there is no way to confirm receipt of an email message."
4  However, here, defendant has responded to email and in fact responds only to emails. Plaintiff has
5  even provided receipt verification documents that defendant has read the pertinent emails.

6  This court has held that the purpose of Rule 4 is to fairly apprise the defendant of the cause
7  of action against him and the facts supporting the claims. *Roos*, 2012 WL 2885174, at *2 ("Rule 4
8  is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the
9  complaint."). Plaintiff, probably at great expense, attempted to serve defendant through multiple
10 avenues. One of the methods, probably service by publication via email, effectuated service and
11 defendant is apprised of all the pertinent happenings in this lawsuit. The court finds that plaintiff
12 has successfully and appropriately served defendant.

### IV. Motion to Reconsider or Clarify

14 Plaintiff requests that this court clarify, or, in the alternative, reconsider its prior order. This
15 court has already declined to issue an anti-suit injunction. (*See* doc. # 28). Plaintiff now moves the
16 court to enjoin defendant from arguing the substance of the claims in this court, copyright
17 infringement, in the Belgian action. The court will not enjoin defendant from pursuing his
18 defamation case in Belgium or from raising any arguments in that court.

19 The relief sought by plaintiff is very similar to the relief sought previously in plaintiff's
20 request for an anti-suit injunction. Plaintiff first moved this court for an order enjoining defendant
21 from pursing his defamation claims in Belgium. Now, plaintiff moves this court to enjoin defendant
22 from defending the merits or arguing the merits of this case in the Belgian court. However, this court
23 will not enjoin defendant's actions in the Belgian action.

24 Motions for reconsideration "should not be granted, absent highly unusual circumstances."
25 *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is
26 appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear
27 error or the initial decision was manifestly unjust, or (3) if there is an intervening change in

**James C. Mahan**
**U.S. District Judge**

- 9 -

controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Kona*, 229 F.3d at 889-90 (listing same three factors).

First, plaintiff argues that this court should enjoin defendant from raising the copyright claims in dispute in this case in the Belgian lawsuit. Plaintiff argues that defendant's filings in the Belgian litigation indicate he may litigate the copyright claims in Belgium. This court declines to enjoin defendant from litigating any claims in Belgium. *See Quaak v. Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren*, 361 F.3d 11, 17 (1st Cir. 2004) ("The decisional calculus must take account of th[e] presumption in favor of concurrent jurisdiction.") (considering anti-suit injunctions).

In the alternative, plaintiff argues that the newly discovered evidence that warrants reconsideration is the fact that defendant is becoming more vexatious and harassing in the Belgian suit. It is true that defendant's defamation suit in Belgium against the plaintiff in this case has a vexatious flavor. The court implied as much in its last order. However, as stated in this court's previous order, the vexatiousness consideration is one of seven total considerations in a three step test on anti-suit injunctions. The vexatious flavor of the Belgian suit alone cannot overcome the fact that no other factor weighs in favor of an anti-suit injunction. The motion to reconsider does not even make arguments about the other considerations in the complete three step test from *Microsoft Corp. v. Motorola, Inc.*, 696 F.3d 872 (9th Cir. 2012).[6] The motion to reconsider is denied and the motion to clarify moving this court from enjoining any of defendant's activities or arguments in a Belgian court are denied.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to seal (doc. # 22) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to waive service and personal jurisdiction (doc. # 24) be, and the same hereby, is GRANTED.

---

[6] Motions for reconsideration are not appropriate when a party wants the court to think about the issue again in the hope that the court will come out the other way the second time. Rather, motions for reconsideration are appropriate after the discovery of "newly discovered evidence", if the court previously committed "clear error", or "if there is an intervening change of law." *AcandS*, 5 F.3d at 1263.

James C. Mahan
U.S. District Judge

- 10 -

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant's untitled motion (doc. # 26) be, and the same hereby, is DENIED.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to clarify or reconsider (doc. # 31) be, and the same hereby, is DENIED.

DATED February 8, 2013.

_____
**UNITED STATES DISTRICT JUDGE**

**U.S. District Judge**

- 11 -