1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TELLER, an individual, )
)
           Plaintiff, )      2:12-cv-00591-JCM-GWF
)
vs. )      **ORDER**
)
GERARD DOGGE (p/k/a GERARD BAKARDY), )    Motion to Compel (#57); Motion
an individual, )    for Sanctions (#58)
)
           Defendant. )
_____ )

      This matter comes before the Court on Plaintiff's Motion to Compel (#57) and Motion for

Sanctions (#58), both filed on March 6, 2013. Defendant filed an Opposition (#59) to both

Motions on March 21, 2013. Plaintiff filed a Reply (#61) on March 29, 2013.

**BACKGROUND AND DISCUSSION**

      Plaintiff, a well known entertainer and magician, alleges that Defendant infringed upon

Plaintiff's copyright for his illusion "Shadows." Plaintiff alleges that Defendant recorded a video

of himself performing the allegedly infringing illusion, "The Rose and Her Shadow," which

Defendant posted on the Internet website YouTube, along with an advertisement offering to sell the

illusion to consumers. *Complaint (#1)*, ¶22. Plaintiff served his first set of discovery requests on

Defendant on January 11, 2013. Defendant Dogge, who represents himself in this action, served

his responses on February 8, 2013. Defendant's objections to Plaintiff's discovery requests are

generally based on the assertion that the requests, in whole or in part, are irrelevant. Plaintiff

asserts that Defendant's objections or responses to two requests for production of documents and

four interrogatories are invalid or insufficient. Plaintiff now moves to compel further responses

under Federal Rule of Civil Procedure 37(a).

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. For good cause, the court may broaden the scope of discovery to any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Relevancy under Rule 26(b)(1) is liberally or broadly construed. *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431–32 (D.Nev. 2006). In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978), the Supreme Court stated that the phrase "'relevant to the subject matter involved in the pending action' -- has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Although the scope of Rule 26(b)(1) was narrowed in 2000 to generally authorize discovery of information that is relevant to <u>any party's claim or defense</u>, the construction of relevancy set forth in *Oppenheimer* still applies within that somewhat more limited scope.

The party opposing discovery has the burden of showing that the discovery is irrelevant, overly broad, or unduly burdensome. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 253–4 (S.D.Ind. 2000). To meet this burden, the objecting party must specifically detail the reasons why each request is irrelevant. *Id.,* citing *Schaap v. Executive Indus., Inc.,* 130 F.R.D. 384, 387 (N.D.Ill. 1990) and *Walker v. Lakewood Condominium Owners Assoc.,* 186 F.R.D. 584, 587 (C.D.Cal. 1999). "However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Marook v. State Farm Mutual Auto. Ins. Co.,* 259 F.R.D. 388, 394–95 (N.D.Iowa 2009), quoting *Cunningham v. Standard Fire Ins. Co.,* 2008 WL 2902621 at * 1 (D.Colo.).

With these general principles in mind, the Court turns to the specific discovery requests in issue.

Request No. 4 asks Defendant to "[p]roduce complete and accurate copies of any and all videos, slideshows, or other media that you have posted on YouTube or elsewhere on the Internet related to The Rose, Shadows, and/or The Rose and Her Shadow." Defendant responded to this request by stating that "[t]he only video ever posted by defendant related to 'The Rose and her

Shadow' was removed from YouTube by the plaintiff.  Defendant prefers not to 'produce' it again."  Request No. 4 clearly calls for relevant information concerning the Defendant's distribution, by posting on the Internet, of the allegedly infringing depictions of the magic trick or illusion.  Requiring Defendant to produce any such videos in his possession, custody or control is relevant since it tends to establish or confirm that the video posted on YouTube was, in fact, posted by Defendant.  Plaintiff is also entitled to discover any similar videos that Defendant may have posted on the Internet.  Defendant is therefore ordered to produce all requested videos in his possession, custody or control.

Defendant indicated in his response to Plaintiff's motion that he "did search but can't find the video, it may be possible that defendant erased the video from his computer in his last PC cleanup."  *Response (#59), pg. 2.*  Defendant is cautioned that the willful or negligent destruction of documents or things after Defendant has been placed on notice of their relevancy can subject him to the imposition of sanctions for the failure to preserve the documents or things.  In view of Defendant's somewhat equivocal statement, the Court will afford Defendant the opportunity to produce the video(s) requested by Plaintiff in Request No. 4.  If Defendant is, in fact, unable to produce the video, he must provide a reasonably detailed explanation regarding the erasure or destruction of the video.

Request No. 7 asks Defendant to "[p]roduce complete and accurate copies of any and all correspondence (email or otherwise) with anyone regarding The Rose or The Rose and Her Shadow.  Defendant responded to this request by stating:  "The only relevant correspondence regarding the Rose or The Rose and Her Shadow is between plaintiff and defendant and known by plaintiff."  Defendant's previous communication with Plaintiff supports the relevancy of Request No. 7.  In an email to Plaintiff on March 29, 2012, Defendant stated that he "put 14 orders [for the subject illusion] on hold."  *See Doc. #57, Exh. 3.*  Plaintiff argues that since the illusion was advertised online, the orders may have been received via email.  Any correspondence regarding the referenced orders is reasonably discoverable.  Request No. 7 also reasonably encompasses any correspondence regarding the preparation of Defendant's print ad for the illusion and production of the video Defendant posted to YouTube.  Plaintiff also suggests that Defendant has corresponded

with other magicians and the press regarding the instant suit.  Such communications also fall under the ambit of Request No. 7 and are relevant.  The Court therefore orders Defendant to fully respond to Request No. 7.

Interrogatory No. 7 asks Defendant to identify with specificity his employment history from 2002 to the present.  The interrogatory further asks Defendant to include the name of his employer, the nature of his work (job description), and his wages or salary.  If Defendant was self-employed or acted as an independent contractor, then he is asked to provide the same information.  Defendant responded to this Interrogatory as follows: "No, this has nothing to do with the fact if I did or did not infringe copyright.  On top it's rude and impolite to ask these private questions."  Interrogatory No. 16 asked Defendant to state his gross income for each year since 2007.  Defendant responded to this interrogatory by stating:  "See answer seven 7."

The Court finds that basic background information about Defendant's employment or self-employment is relevant.  The Court will therefore order Defendant to answer Interrogatory No. 7 by describing the nature of his employment or self-employment and providing a list of his employers or his own business entities during the preceding *five* years.

Plaintiff's proffered reason for seeking information regarding Defendant's wages, salary and gross income is that "'[t]he wealth of the defendant has been widely recognized as relevant to the deterrent effect of a damages award.'  *See Lowry's Reports, Inc. v. Legg Mason, Inc.*, 302 F.Supp.2d 455, 461 (D.Md. 2004) (discussing statutory damages in copyright actions, and collecting authorities)."  *Motion (#57), pg. 8.*  The case cited by Plaintiff states that a defendant's wealth or net worth is relevant to the determination of a punitive damages award.  Defendant has not proffered other grounds for seeking information about Defendant's past wages, salary or gross income.  Although only the defendant's current net worth is relevant to the issue of punitive damages, courts generally permit the plaintiff to conduct some retrospective discovery regarding the defendant's assets and income.  Such discovery, however, is usually limited to the preceding two years.  *See Cataldi v. Siracusano*, 2012 WL 870222, *1-*2 (D.Nev. 2012) and *United States v. Autumn Ridge Condominium Assoc.,* 265 F.R.D. 323, 327 (N.D.Ind. 2009).  The Court therefore orders Defendant to provide information regarding his salary, wages or gross income for the period

from April 1, 2011 to the present.

Interrogatory No. 11 states:

> If you have developed and/or marketed other Props than The Rose, please provide for each: a description of the Prop, how it can be used in an illusion, and how much you were selling or were attempting to sell the Prop for.

Interrogatory No. 14 states:

> If you have developed and/or marketed other illusions prior to The Rose and Her Shadow, please provide for each: the name of the illusion, a description of the illusion, and how much you were selling or were attempting to sell the illusion for.

Defendant responded to Interrogatory Nos. 11 and 14 as follows:

> Defendant invented/created several other props, for his own use. This is irrelevant and has nothing to do with alleged infringement.

There is no allegation that Defendant has misappropriated or infringed any other magic trick or illusion belonging to Plaintiff. Nor is there any allegation that Defendant has engaged in any pattern or practice of misappropriating and using other magicians' copyrighted materials. Interrogatory No. 13 specifically asked Defendant if he has ever been accused of copyright infringement before. Defendant answered "No." Plaintiff argues that answers to Interrogatory Nos. 11 and 14 "can shed light on Dogge's ulterior actual intentions and may speak to the willfulness of the infringement, especially if Dogge makes a habit out of reproducing illusions developed by other magicians." *Reply (#61), pg. 6.* The Court finds that these interrogatories are nothing more than a speculative "fishing expedition." The Court sustains Defendant's irrelevancy objection to these interrogatories and denies Plaintiff's motion to compel responses to them.

Because the Court has only partially granted Plaintiff's motion to compel, an award of expenses pursuant to Rule 37(a)(5)(A) is not required. The Court further concludes that an apportioned award of expenses pursuant to Rule 37(a)(5)(C) is not appropriate. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#57) is **granted** in part, in part as follows:

. . .

. . .

(1)     Defendant shall respond to Plaintiff's Request for Production of Documents No. 4 by providing any and all videos, slideshows, or other media he has posted to the Internet related to The Rose, Shadows, and/or The Rose and Her Shadow.

(2)     Defendant shall respond to Plaintiff's Request for Production of Documents No. 7 by providing complete and accurate copies of any and all correspondence with any person regarding The Rose or The Rose and Her Shadow.

(3)     Defendant shall respond to Plaintiff's Interrogatory No. 7 by describing the nature of his employment or self-employment and providing a list of his employers or his business entities for the past five years.

(4)     Defendant shall further answer Interrogatory No. 7 and shall answer Interrogatory No. 16 by stating his wages, salary and/or gross income for the period from April 1, 2011 to the present.

(5)     Defendant shall serve supplemental responses and answers to the foregoing requests and interrogatories on or before **April 26, 2013**.

IT IS FURTHER ORDERED that Plaintiff's motion to compel answers to Interrogatory Nos. 11 and 14 is **denied**.

IT IS FURTHER ORDERED that Plaintiff's request for an award of expenses or other sanctions (#58) is **denied**.

DATED this 10th day of April, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge