# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TELLER, an individual, | |
| Plaintiff, | Case No. 2:12-cv-00591-JCM-GWF |
| vs. | **ORDER** |
| GERARD DOGGE (p/k/a GERARD BAKARDY), an individual, | Motion for Reconsideration (#67) |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Reconsideration (#67), filed on April 16, 2013. Plaintiff filed a Response (#79) on May 2, 2013.

Plaintiff filed a Motion to Compel (#57) on March 21, 2013. The Court granted the Motion (#57) in part, ordering Defendant to respond to "Interrogatory No. 7 by describing the nature of his employment or self-employment and providing a list of his employers or his business entities for the past five years." *See April 10, 2013 Order, Doc. #62* at 6:7-9. The Court also ordered that "Defendant shall further answer Interrogatory No. 7 and answer Interrogatory No. 16 by stating his wages, salary and/or gross income for the period from April 1, 2011 to the present." *Id* at 6:10-12. The Court construes the instant Motion (#67) as seeking reconsideration of the Court's Order (#62) only as it regards Interrogatory Nos. 7 and 16.

Courts "possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening

change in controlling law." *United States Aviation Underwriters v. Wesair, LLC*, 2010 WL 1462707, *2 (D. Nev. 2010) (citing *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

Here, Defendant has not offered any new evidence, convinced the Court its previous ruling was in clear error, or offered any intervening change in law that would cause the Court to revisit its previous ruling.  Rather, Defendant recites unrelated facts and attempts to raise issues the Court has already ruled upon by reiterating arguments he presented to the Court in his Response (#59) to the Motion to Compel (#57).  The Court therefore finds no grounds to reconsider its Order (#62)  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (#67) is **denied**.

DATED this 8th day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge