**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Teller, an individual, | |
|                            Plaintiffs, | Case No. 2:12-cv-00591-JCM-GWF |
| vs. | **ORDER** |
| Gerard Dogge (p/k/a Gerard Bakardy), an individual. | Motion to Strike and Seal (#94) |
|                            Defendant. | |

       This matter comes before the Court on Plaintiff Teller's ("Plaintiff") Motion to Strike and Seal (#94), filed on May 29, 2013.  Defendant Gerard Dogge ("Defendant") filed an Emergency Motion to Investigate Plaintiff's Hard Drives (#85) on May 17, 2013. Plaintiff now moves to strike and seal Defendant's Emergency Motion (#85).

       "The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, the Court finds the contents of Defendant's Motion (#85), personal allegations of unlawful conduct that do not merit repeating in this Order, to be impertinent and immaterial.  The Motion (#85) neither makes arguments nor seeks relief relevant to this case.  It is not this Court's role to refer an individual's suspicions of unlawful activity to any law enforcement entity for investigation.  Therefore, the Court in its discretion will strike Defendant's Emergency Motion (#85).

       Plaintiff also moves the Court to seal Defendant's Motion (#85).  Two standards govern motions to seal documents, a "compelling reasons" standard and a "good cause" standard. *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 WL 686362, *1 (D. Nev. 2011). Under the

compelling reasons standard, "a party must overcome a strong presumption in favor of access by showing articulable facts that a compelling reason exists" to seal a pleading. *Id*. However, "the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Id*. If there is good cause shown during discovery, "a district court may issue any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. Because Defendant's Motion (#85) is non-dispositive and wholly unrelated to the underlying litigation, the public's interest in accessing the Motion is balanced against the private interest of Plaintiff in sealing the Motion. The Court finds this balance weighs heavily in favor of Plaintiff, and will seal Defendant's Motion (#85). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike and Seal Defendant's Emergency Motion (#94) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike and Seal Defendant's Emergency Motion (#95) is **denied** as duplicative.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion for Investigating the Plaintiff's Hard Drives (#85) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion for Investigating the Plaintiff's Hard Drives (#85) is **stricken**.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion for Investigating the Plaintiff's Hard Drives (#85) shall be **sealed**.

DATED this 31st day of May, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge