# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TELLER, an individual, | ) | |
| Plaintiff, | ) | Case No. 2:12-cv-00591-JCM-GWF |
| vs. | ) | **ORDER** |
| GERARD DOGGE (p/k/a GERARD BAKARDY), an individual, | ) | Motion for Clarification or Reconsideration (#112) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Gerard Dogge's ("Defendant") Motion for Reconsideration (#112) of the Court's June 3, 2013 Order (#100), filed on June 25, 2013. In its June 3, 2013 Order (#100), the Court granted Plaintiff's Motion (#94) to strike and seal Defendant's Motion (#85) to investigate Plaintiff's hard drives. The Court further denied Defendant's Motion (#85).

Courts "possess the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *U.S. Aviation Underwriters v. Wesair, LLC*, 2010 WL 1462707, *2 (D. Nev. 2010) (citing *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004).

. . .

In its June 3, 2013 Order (#100), the Court stated that Defendant's Motion (#85) "neither [made] arguments nor [sought] relief relevant to this case." *See Order, Doc. #100, at 1:22-23*. The Court found that there was no basis to investigate Plaintiff's hard drives either for evidence of unlawful activity or for existence of the subject video. At the time Defendant filed his Motion (#85), he had not requested production of Plaintiff's hard drive or attempted to meet and confer regarding whether Plaintiff has possession of the video. Defendant has not offered any new evidence, convinced the Court its previous ruling was in clear error, or offered any intervening change in law that would cause the Court to revisit its previous ruling. Rather, Defendant attempts to raise issues the Court has already ruled upon by reiterating arguments he presented to the Court in his prior Motion (#85). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (#112) is **denied.**

DATED this 1st day of July, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge