Mark G. Tratos (Bar No. 1086)
tratosm@gtlaw.com
Thomas F. Kummer (Bar No. 1200)
kummert@gtlaw.com
Kara B. Hendricks (Bar No. 7743)
hendricksk@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Teller, an individual,<br><br>      Plaintiff,<br>vs.<br>Gerard Dogge (p/k/a Gerard Bakardy), an individual,<br><br>      Defendants. | Case No. 2:12-cv-00591-JCM-GWF<br><br>**PROTECTIVE ORDER<br>AND CONFIDENTIALITY<br>AGREEMENT** |

   The Court hereby orders that the following confidentiality agreement and protective order ("Order") shall be entered based on the following understandings:

   A. The parties to this case are engaged in discovery that has or will include the production of documents, answering of written interrogatories, responding for requests for admission and taking of depositions;

   B. Discovery may involve the disclosure of materials containing confidential and

LV 419951732v2

nonpublic personal private information;

C. Discovery should be permitted to proceed without delay occasioned by disputes regarding the confidential and/or proprietary nature and uses of the confidential information;

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

1. ***Designation as Confidential.*** The parties may, after a good faith determination, designate any document, portion of a document, testimony, or information produced by them as "CONFIDENTIAL" by stamping the document or information to that effect prior to production, or within a reasonable time thereafter, but not longer than thirty (30) days thereafter, unless good cause shown, notifying all other parties in writing that documents or information are designated as "CONFIDENTIAL." The designation "CONFIDENTIAL" shall appear on each page to be so designated, in a location that does not interfere with the legibility of the document. No copy of any such confidential material shall be made except to the extent necessary for the preparation of each party's case in this action. However, the party who designates such material as "CONFIDENTIAL" shall bear the burden of proving that the designated material actually qualifies as "CONFIDENTIAL."

2. ***Confidential Information.*** "CONFIDENTIAL" information is defined as information from the producing party that is not publicly available, is commercially or otherwise sensitive (e.g., trade secrets, financial records, financial data, and financial information), or which is likely to contain nonpublic personal or private information (e.g., social security numbers, drivers' license numbers, tax returns, account numbers, account balances, bank statements, and account applications). Except as set forth below in paragraph 6, confidential information, including the substance or content of the same, is not to be disclosed to any person or entity other than the parties, their counsel of record, employees of counsel, consultants, experts, and/or persons

*LV 419951732v2*

subject to deposition in this matter, all of whom are bound by the terms of this Order.

3. ***Retroactive Noticing.***  A party may designate a document as "CONFIDENTIAL" after such document has been produced to another party in the course of this action by noticing each party of the retroactive designation.  The parties agree that within 30 days of the effective date of this Order, any party may retroactively designate material disclosed prior to the entry of this Order; unless so designated, materials already produced will not be treated as confidential.

4. ***Depositions.***  Deposition testimony may be designated "CONFIDENTIAL" in whole or in part at the time of the deposition or within ten business days after receipt of the written transcript.  Until that time, all deposition testimony, including video thereof, shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as "CONFIDENTIAL."  Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all testimony containing confidential information is and shall remain confidential and shall not be disclosed except as provided herein and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality by such reporter.

5. ***Third-Party Production.***  All documents or information produced by third-parties in response to subpoenas shall be treated as "CONFIDENTIAL" for a period of thirty (30) days after it is received to allow the parties time to evaluate the information.  Within the thirty (30) day period any party may designate any such third-party material as "CONFIDENTIAL" by so notifying the other parties of this designation in writing and setting forth the basis thereof.

6. ***Filings With the Court.***  Unless otherwise agreed upon by the parties, or ordered by the Court, in the event a party seeks to file any material that is subject to protection under this Order with the Court, that party shall take appropriate action to insure that the documents receive

*LV 419951732v2*

proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Absent circumstances making prior consultation impractical or inappropriate, the party seeking to submit the document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties understand that documents may be filed under seal only with the permission of the court after proper motion.

7. ***Use of Confidential Documents.*** Documents stamped "CONFIDENTIAL" or any other information or materials so designated shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order. All documents, deposition testimony, or other material subject to this Order shall not be used, directly or indirectly, by any party for any personal, business, commercial, or competitive purpose whatsoever. Any person in possession of documents, information, or other material designated "CONFIDENTIAL" shall exercise reasonable and appropriate care with respect to storage, custody, and use to ensure that the confidential nature is maintained.

8. ***To Whom Disclosure Permitted.*** Confidential information shall be disclosed only to the following:

*LV 419951732v2*

(a) The Court, its staff and the designated document repository in this case and in any appeal therefrom;

(b) The jury in this case, if any;

(c) The named parties in this litigation;

(d) Counsel of record for the parties in this case, and other partners, associates, secretaries, paralegals, legal assistants, and other personnel of their respective law firms who are working under the supervision of said counsel and assisting such counsel in this action;

(e) Any independent contractors, such as attorneys, paralegals, secretaries, and legal assistants who are not members, shareholders, or employees of the law firms of counsel of record but who have been hired or retained by counsel of record and are working under the supervision of counsel of record and are actively engaged in assisting such counsel in this action;

(f) Outside consultants, technical advisors, fact witnesses, and expert witnesses and consultants (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

(g) Any insurance company adjuster(s) or representative(s) working with any counsel in connection with this action; and

(h) Any other person or entity as to whom counsel for the producer or provider of the confidential information agrees in writing, or as to whom the Court directs, to be provided access to that information.

9. ***Purpose of Disclosure; Required Affirmation.*** Disclosure of any confidential information to persons described in subparagraphs 8(e), 8(f), 8(g), and 8(h) of this Order shall be

*LV 419951732v2*

solely for evaluation, testing, testimony, preparation for trial, or other services or purposes directly related to this litigation. All such persons shall sign a document in the form of Exhibit A attached hereto, stating that they have read and understand this Order and agree to be bound by its terms. Counsel must retain such executed agreements in their offices.

10. ***Without Prejudice.*** This Order shall be without prejudice to the right of the parties or other persons to:

(a) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or

(b) present a motion to the Court under Fed. R. Civ. P. 26(c) to compel information or for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for relief or modification of this Order.

11. ***Objections to Confidential Designation.*** A party or other person objecting to the designation of confidential information shall provide written notice of the objection to the designating party, specifying the material that is the subject of the objection. Within ten (10) days of the designating party receiving written notice of objection, the parties and any other objecting person(s) shall confer in good faith in an effort to resolve the objection. The party designating material as "CONFIDENTIAL" shall bear the burden of establishing that a compelling reason exists for the disputed material to be treated as "CONFIDENTIAL." The party claiming the material is "CONFIDENTIAL" must prove by clear and convincing evidence that it is worthy of such protection, and must establish good cause by: (1) identifying fully the

*LV 419951732v2*

basis for the claimed confidentiality in the material; and (2) identifying how the party producing such material will be harmed if it is made available to the public.

If a conference between the parties does not resolve the objection(s), either the party objecting to the "CONFIDENTIAL" designation, the designating party, or any other affected party, may file a motion seeking judicial intervention as to whether the "CONFIDENTIAL" designation shall remain in place. Payment of attorneys' fees expended in connection with any dispute over the application of this Order will be governed by Federal Rule of Civil Procedure 37(a)(5)(A). Pending determination by the Court, material designated by a party as "CONFIDENTIAL" shall be treated as provided in this Order.

12. ***Material Independent of Discovery.*** Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential information as it deems appropriate.

13. ***Accidental Disclosure.*** In the event of a disclosure of confidential documents or materials to a person or entity not authorized to have had such disclosure made to him, her, or it under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material and immediately inform counsel for the designating party whose confidential information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the confidential information occurs therefrom.

14. ***Remedies***. The parties hereto agree that the rights and privileges with respect to the disclosure of confidential information pursuant to this Order and agreement are of a special,

*LV 419951732v2*

unique, and extraordinary character, which gives such confidential information a peculiar value, the loss of which cannot be reasonably or adequately compensated in damages in any action at law, and that a breach by a party, person, or entity subject to this Order will cause the non-breaching party great and irreparable injury and damage. The parties therefore expressly agree that the non-breaching party shall be entitled to the remedies of injunction, specific performance, and other equitable relief in the event of a breach of the agreement underlying this Order. Nothing herein shall be construed as a waiver of any other rights or remedies which the non-breaching party may have for damages or otherwise.

15. ***Privileged or Work Product Material***. The inadvertent production of any privileged or attorney work product documents shall be without prejudice to any claims that the document is privileged and shall constitute neither a waiver of any privilege or work product that may otherwise attach thereto, nor a general waiver of such privilege or work product. Upon demand of the producing party, all copies of any inadvertently-produced documents shall be immediately returned forthwith and such documents shall not be introduced into evidence or subject to production in this or any other proceeding.

16. ***Destruction or Return of Confidential Material.*** Within sixty (60) days after the final disposition of all claims and defenses by settlement or expiration of time to appeal, and upon request, all documents designated "CONFIDENTIAL," including any reproductions of such documents, shall be returned to the designating party who produced the confidential documents or information, or destroyed, at the election of the producing party. The provisions of this Order shall continue to be binding and remain in full force and effect after the conclusion of this lawsuit.

17. ***Objections to Discovery.***  Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper and moving the Court for an Order thereon.

18. ***Limited Purpose of Order.***  This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action so as to avoid the need for unnecessary judicial intervention.  Nothing in this Order shall have any effect in any other litigation or proceeding, and nothing in this Order shall be construed as requiring the disclosure of documents or information that any party reasonably believes is not subject to disclosure or discovery pursuant to prevailing law, the rules of evidence, and/or the rules of procedure.

19. ***Order Not Admission or Waiver of Rights.***  The filing and entry of this Order shall not constitute an admission or waiver of any rights under any applicable law, court rules, or both.

20. ***Terms Binding.***  The terms of this Order shall be binding on the parties, their attorneys, and all persons designated in this Order, and shall take effect when entered.  The obligations of this Order shall survive the termination of this action and continue to bind the parties.

**IT IS SO ORDERED.**

*George Foley Jr.*
UNITED STATES MAGISTRATE JUDGE

DATED: August 5, 2013

*LV 419951732v2*

# EXHIBIT A

## AGREEMENT TO BE BOUND BY ORDER

I have read the Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____     Signature: _____

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

_____

_____

Signatory's Residential Address:

_____

_____

_____

_____

LV 419951732v2