**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TELLER, an individual, | |
|         Plaintiff, | Case No. 2:12-cv-00591-JCM-GWF |
| vs. | **ORDER** |
| GERARD DOGGE (p/k/a GERARD BAKARDY), an individual, | Emergency Motion to Compel (#158); Motion to Extend Time (#159) |
|         Defendant. | |

      This matter comes before the Court on Plaintiff's Emergency Motions to Compel (#158) and to Extend Time (#159), filed together on September 3, 2013. Defendant filed an omnibus Opposition (#162) on September 9, 2013. Plaintiff filed a Reply (#163) on September 11, 2013. At issue are two videos Defendant posted to YouTube ("Subject Videos") of his performance of an illusion entitled "The Rose and her Shadow," ("the Subject Illusion") which Defendant also offered for sale. Plaintiff alleges the Subject Illusion infringes on Plaintiff's copyright.

      Plaintiff seeks an order compelling Google, Inc. ("Google") to produce copies of the Subject Videos. On January 11, 2013, Plaintiff served a request for production on Defendant which sought "complete and accurate copies of any and all videos, slideshows, or other media that [Defendant] posted on YouTube or elsewhere on the Internet" related to the Subject Illusion. In response to Plaintiff's March 6, 2013 Motion to Compel (#57), Defendant stated he may have deleted the Subject Videos. *See Opposition, Doc. #59* at 2:27-28. In granting the Motion to Compel (#57), the Court ordered Plaintiff to produce the Videos, and cautioned him regarding the severity of willfully or negligently destroying documents or things. *See April 10, 2013 Order, Doc. #62* at 3:11-12. Plaintiff then filed an Emergency Motion for Mirror Imaging of Defendant's Hard

Drive (#74) on April 30, 2013.  The Court granted the Motion (#74), and ordered Defendant to produce his hard drive to Plaintiff for mirror imaging.  *See June 7, 2013 Minutes of Proceedings, Doc. #103*.  Subsequently, at his deposition, Defendant stated he would not produce his hard drive unless this Court's Order (#103) were enforced by a court in Belgium, his country of residence.  Plaintiff filed an Emergency Motion to Enforce Court's Order (#116) on July 2, 2013.  In that Motion (#116), Plaintiff sought an order requiring Google to produce the Subject Videos.  The Court declined because Plaintiff had not properly issued a subpoena to Google.  The Court did order Defendant, however, to either produce the Subject Videos and other materials or make his hard drive available for mirror imaging by August 9, 2013.  *See July 26, 2013 Order, Doc. #135* at 2:14-21.  Plaintiff represents that Defendant did neither.  Plaintiff further represents that it has issued a subpoena to Google for the Subject Videos, but that Google has refused to do so absent a court order.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  For good cause, the court may broaden the scope of discovery to any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Relevancy under Rule 26(b)(1) is liberally or broadly construed.  *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431–32 (D.Nev. 2006).  In *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389 (1978), the Supreme Court stated that the phrase "'relevant to the subject matter involved in the pending action' -- has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

Here, the Court has already determined that the Subject Videos are well within the scope of discoverable materials.  *See, e.g., July 26, 2013 Order, Doc. #135* at 2:16-18.  Furthermore, Defendant consents to the production of the videos.  Plaintiff represents that he properly served Google with a subpoena, but that Google refused to produce the Videos without a court order to ensure Google remains compliant with the Stored Communications Act, 19 U.S.C. § 2701 *et seq.*

The Court finds good cause to order Google to produce the Subject Videos.

Plaintiff also requests an extension of the deadline to file replies in support of his Motions for Summary Judgment (#122, #123), which is currently September 18, 2013. *See September 5, 2013 Minute Order, Doc. #161*. Plaintiff seeks an extension to allow inclusion of the Subject Videos in the replies, in the event Google is able to produce them. The Court finds Plaintiff establishes good cause for an extension. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Google Inc. to Produce Videos and Documents (#158) is **granted**.

**IT IS FURTHER ORDERED** that within 5 days of the date of this Order, Defendant shall send a letter, via electronic mail from the email address associated with his YouTube account used to upload the Subject Videos, to Google-legal-support@google.com with a copy of this Order attached. Defendant shall state therein that he consents to the production of the videos entitled "The Rose and her Shadow" that he posted on March 15, 2012 at the URLs http://www.youtube.com/watch?v_VGK9PFzul0 and http://www.youtube.com/watch?v=BYmt7Nto85Y. Defendant shall also state therein that he consents to Google delivering the Subject Videos to Mark G. Tratos, Esq., Greenberg Traurig, LLP, 3773 Howard Hughes Parkway, Suite 400 Nort, Las Vegas, Nevada 89169. The Court finds that Defendant's consent is sufficient under the Stored Communications Act.

**IT IS FURTHER ORDERED** that Google Inc. shall, no later than 10 days after the receipt of Defendant's email, write or otherwise record the Subject Videos, to the extent they are within Google's possession, custody, or control, on a separate compact disc or other fixed medium, and mail them via overnight courier to:

> Mark G. Tratos, Esq.
> Greenberg Traurig, LLP 3
> 773 Howard Hughes Parkway
> Suite 400 North
> Las Vegas, Nevada 89169.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order on Google, Inc.

...

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order via electronic mail on Defendant within 2 days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time (#159) is **granted**. Plaintiff shall file any replies in support of his Motions for Summary Judgment (#122, #123) on or before **October 11, 2013**.

DATED this 13th day of September, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge