1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6
7   TELLER, an individual,                      )
8                         Plaintiff,            )          Case No.  2:12-cv-00591-JCM-GWF
                                                 )
9   vs.                                          )          **ORDER**
                                                 )
10  GERARD DOGGE (p/k/a GERARD BAKARDY),        )
    an individual,                               )
11                                               )
12                        Defendant.             )
    _____)

13          This matter comes before the Court on Defendant's Motion to Compel Discovery (#113),

14  filed on June 25, 2013.  Plaintiff filed an Opposition (#128) on July 12, 2013.  This matter also

15  comes before the Court on Defendant's Emergency Motion for Case-Dispositive Sanctions (#143),

16  filed on August 6, 2013.  Plaintiff filed an Opposition (#155) on August 23, 2013.  Also before the

17  Court is Defendant's Motion to Protect and Guarantee the Integrity of the Proceeding (#165), filed

18  on September 23, 2013.  Plaintiff filed a Response (#166) on September 26, 2013.

19                          **BACKGROUND AND DISCUSSION**

20          At issue in this case are videos Defendant posted to YouTube ("Subject Videos") of the

21  performance of an illusion entitled "The Rose and her Shadow" ("Subject Illusion"), which

22  Defendant also offered for sale.  Plaintiff alleges the Subject Illusion infringes on Plaintiff's

23  copyright.  Throughout discovery, the parties have been engaged in an ongoing struggle to produce

24  or otherwise obtain copies of the Subject Videos, which Defendant claims to have inadvertently

25  deleted.  *See, e.g., Motion to Compel, Doc. #57, Motion for Mirror Imaging, Doc. #74, Motion to*

26  *Compel Google, Doc. #158.*  Defendant's purported deletion of the Videos, among other alleged

27  missteps, is the subject of Plaintiff's Motion for Case-Dispositive Sanctions (#121), which is under

28  submission.

I.      **Motion to Compel (#113)**

In his Motion to Compel, Defendant seeks an order compelling Plaintiff to respond to Defendant's third round of discovery, and to respond further to Defendant's second round of discovery.

a.      **Third Round of Discovery Requests**

For discovery requests to be timely, "the requesting party must serve them at least 30 days before the discovery cutoff in order to allow the other party sufficient time to respond." *Bishop v. Potter*, 2010 WL 2775332 at *1 (D. Nev. 2010).  Responding parties may properly object to untimely discovery, and they need not be answered.

Discovery closed in this matter on June 8, 2013.  *See Scheduling Order, Doc. #52*.  At the May 31, 2013 hearing regarding Plaintiff's Motion to Compel Deposition (#86), the Court granted a limited extension of that deadline to accommodate the taking of Defendant's deposition.  *See Transcr. of Hng., Doc. #102* at 9:20-24.  Nevertheless, Plaintiff represents that Defendant propounded his third set of requests for production of documents via electronic mail on June 4, 2013, a representation Defendant does not refute. Because Defendant's third round of discovery requests was untimely, the Court will sustain Plaintiff's objections to the requests.

b.      **Second Round of Discovery Requests**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  For good cause, the court may broaden the scope of discovery to any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Relevancy under Rule 26(b)(1) is liberally construed.  *U.S. E.E.O.C. v. Caesars Entertainment, Inc.,* 237 F.R.D. 428, 431–32 (D.Nev. 2006).  Indeed, Rule 26 encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.*"* *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues.  *See id.* at 351.

2

1    In the instant Motion (#113), Defendant enumerates 13 discovery requests to which he

2    contends Plaintiff has either improperly objected or inadequately responded.  Request for

3    Admission ("RFA") No. 14 originally requested Plaintiff to admit or deny that "defendant has send

4    (*sic*) you on date of Oct. 21, 2012, his answer to your complaint including defendants (*sic*) exhibits

5    nos. 2, 8 & 9."  *See Motion, Doc. #113* at 19.  Plaintiff initially objected on the grounds that RFA

6    No. 14 was unintelligible; however, in his Motion, Defendant rephrased RFA No. 14 as follows:

7    "Admit that defendant has sent his answer to the complaint in an email on Oct. 21, 2012 to plaintiff

8    (doc. #39, filed in Court on Oct. 24, 2012), among the exhibits are exhibits no. 2, 8, & 9."  *Id.* at

9    20.  In his Opposition (#128), Plaintiff admitted RFA No. 14, to the extent that Defendant is

10    seeking to confirm that Teller received Defendant's Answer along with exhibits numbered 2, 8, and

11    9.  *See Opposition, Doc. #128* at 4:1-3.  The Court finds this adequately responds to Defendant's

12    RFA No. 14, and resolves any dispute regarding it.

13    Defendant's RFA No. 15 originally requested Plaintiff to admit or deny that "exhibits 8 &

14    9, described in request No. 14, show 3 other persons performing a rose and shadow magic routine."

15    *Motion, Doc. #113* at 20.  Plaintiff objected to the request because it is "vague and ambiguous with

16    respect to the phrases 'exhibits 8 & 9,' 'other persons,' 'performing,' and 'rose and shadow magic

17    routine'" *Id.*  In his Motion, Defendant rephrased RFA No. 14 as follows: "Admit that exhibits no.

18    2, 8 & 9 in the defendants (*sic*) answer doc. # 39 show 3 (three) persons, performing a magic

19    trick/illusion using a rose and shadow."  *Id.*  Plaintiff reiterates his original objections.  The Court

20    agrees that RFA No. 15 is vague or ambiguous as regards the phrases "performing" and "magic

21    trick/illusion."  Therefore, the Court sustains Plaintiff's objections.

22    Defendant's RFA No. 20 originally requested Plaintiff to admit or deny that "the magicians

23    showed on the exhibit 8/9 described in request no. 14, are professional, or at least look

24    professional."  *Id.* at 20.  Plaintiff objected, arguing the phrases "exhibit 8/9," "professional," and

25    "look professional" are vague and ambiguous.  Defendant rephrased the RFA as follows: "Admit

26    that the 3 (three) persons, in exhibits no 2, 8, & 9 in the defendants (*sic*) answer doc # 39,

27    performing a magic/trick illusion (*sic*) using a rose and shadow, appear as being professionals or

28    look like professional magicians."  *Id.* at 20.  Plaintiff maintains his objection, asserting both that

3

certain phrases are ambiguous and there is insufficient information to admit or deny.  The Court

finds that the phrases "professionals" and "look like professional magicians" are vague and sustains

Plaintiff's objections.

Defendant's RFA No. 24 originally requested Plaintiff to admit or deny "that the revealing

of the technique, 'how to force a card' causes damages to the profession of a magician." *Id.* at 20.

Plaintiff lodged the same objection, that the request is vague and ambiguous.  Defendant rephrased

RFA No. 24 as follows: "Admit that exposing a 'card force' technique, as used in many card tricks,

harms any magician who needs to use the exposed technique to perform a magic card trick."  The

Court construes Plaintiff's response to the rephrased RFA, *see Opposition, Doc. #128* at 5:11-19 as

a denial.  Accordingly, there remains no dispute regarding RFA No. 24.

Defendant's RFA No. 30 originally requested that Plaintiff admit or deny that "the

exposing/revealing of the trick 'the vanishing silk' teaching how to use the 'prop' causes damages

to the profession of magicians." *Motion, Doc. #113* at 21.  Plaintiff objected, arguing various

phrases are vague and ambiguous.  Defendant rephrased the RFA as follows: "Admit that exposing

a technique using a thumb tip to vanish a silk, as used by many magicians, harms any magician who

needs the exposed technique using a thumb tip, to vanish a silk in a magic trick." *Id.*  Plaintiff

maintains his objections.  The Court finds the phrases "exposing," "thumb tip," "used by many

magicians," "harms any magicians," and "magic trick" to be vague and ambiguous.  Plaintiff's

objections are sustained.

Plaintiff's RFA No. 45 originally requested that Plaintiff admit or deny that "the web links

such as 'mantube,' 'CFSelect,' 'Corbin Fisher,' '2Long,' as showed (*sic*) in the 2 screenshots in

your exhibit 3 filed on 04.11.2012 are complete (*sic*) irrelevant in this litigation about alleged

copyright infringement." *Id.*  Plaintiff objected, arguing the information sought is irrelevant.

Defendant rephrased the RFA, but the rephrased version does not affect the Court's analysis.  The

Court finds that RFA No. 45 is not reasonably calculated to lead to the discovery of evidence

admissible in this litigation, and sustains Plaintiff's objection.

Defendant's Request for Production of Documents ("RFP") No. 2 originally sought

production of "complete and accurate copies of any and all documents, correspondence, email,

4

phone conversations between plaintiff and Hector." *Id.* at 22.  Plaintiff objected, arguing the RFP is overly broad in time and scope.  Defendant rephrased the RFP as follows: "Produce complete and accurate copies of any and all documents, correspondence, email, phone conversations between plaintiff and Hector, between April 1, 2012 up until the present, regarding Hectors (*sic*) worldwide performance of a magic trick/illusion with a rose and vase, similar to [Plaintiff's] magic trick 'shadows.'" Plaintiff responds that "he would produce such documents and correspondence upon the entry of a protective order." *Opposition, Doc. #128* at 7:4-5.  Subsequent to the date Plaintiff filed his Opposition (#128), the Court entered a Protective Order. *See Doc. #140*.  Therefore, the Court will compel Plaintiff to produce documents responsive to RFP No. 2.

Defendant's RFP No. 3 originally sought production of "complete and accurate copies of any and all documents, correspondence, email, phone conversations between plaintiff and Petros." *Motion, Doc. #113* at 22.   Plaintiff objected, arguing the RFP is overly broad in time and scope. Defendant rephrased RFP No. 3 as follows: "Produce complete and accurate copies of any and all documents, correspondence, email, phone conversations between plaintiff and Petros, between April 1, 2012 up until the present, regarding Petros' performances of a magic trick/illusion with a rose, vase, and shadow, similar to [Plaintiff's] Magic trick 'shadows.'" *Id.* at 23.  Plaintiff again stated that he would "produce such documents and correspondence upon the entry of a protective order," which has now been entered. *Opposition, Doc. #128* at 7:15-16.  Plaintiff further states that there are no responsive documents, but does not represent the extent of his inquiry.  If Plaintiff maintains this position, he shall supplement his response at RFP No. 3 stating the extent of the inquiry made.

Defendant's RFP No. 4 originally sought production of "complete and accurate copies of any and all documents, correspondence, email, phone conversations between plaintiff and ALS magic." *Motion, Doc. #113* at 23.  Plaintiff objected, arguing the RFP is overly broad in time and scope.  Defendant rephrased RFP No. 4 as follows: "Produce complete and accurate copies of any and all documents, correspondence, email, phone conversations between plaintiff and 'ALS MAGIC,' between April 1, 2012 up until the present, regarding 'ALS MAGIC' performances of a magic trick/illusion with a rose, vase, and shadow, similar to [Plaintiff's] magic trick 'shadows.'"

1    *Id.* Plaintiff again stated that he would "produce such documents and correspondence upon the
2    entry of a protective order," which has now been entered. *Opposition, Doc. #128* at 7:26-27.
3    Therefore, Plaintiff shall produce any documents responsive to RFP No. 4.

4        Defendant's RFP No. 5 seeks production of "the original digital screenshots, in original
5    format e.g. pdf, jpeg, etc., filed in the plaintiff's exhibit 3 filed on 04.11.2012." *Motion, Doc. #113*
6    at 23.  Plaintiff objected, arguing that the document sought is irrelevant, as it is no longer an exhibit
7    to the Complaint and will not be used at trial.  The Court agrees, and sustains Plaintiff's objection.

8        Defendant's RFP No. 6 seeks production of "the original digital screenshots in original
9    format e.g. pdf, jpeg, etc., filed in the plaintiff's exhibit 3 re-filed on 04.25.2012." *Motion, Doc.*
10   *#113* at 24.  Plaintiff objected on relevancy grounds.  Because the revised version of Exhibit 3 is
11   merely a redacted version of the Exhibit 3 screenshots filed on April 11, 2012, of which Plaintiff
12   represents Defendant has electronic copies, the Court will sustain Plaintiff's objection.

13       Defendant's RFP No. 7 seeks production of "complete and accurate copies of any and all
14   documents, correspondence, email, phone conversations etc. proving [Plaintiff]s' damages caused
15   by or due to Gerard Bakardy's invention and method 'The Rose.'" *Id.* at 25.  Plaintiff stated that he
16   would "produce all responsive, non-privileged documents" upon entry of a protective order, which,
17   as noted above, has been entered.  *Id.*  Therefore, the Court will order Plaintiff to produce all non-
18   privileged documents that are responsive to Defendant's RFP No. 7.

19       Defendant's RFP No. 9 requests "complete and accurate copies of any and all documents,
20   correspondence, email, phone conversations and names of the persons who contacted [Defendant],
21   on [Plaintiff's] request, pretending to be potential buyers of [Defendant]'s trick."  Teller likewise
22   agreed to produce any responsive documents upon the entry of a protective order, *see Opposition,*
23   *Doc. #128* at 9:19-22, and the Court will therefore order such production.

24   **II.    Emergency Motion for Case-Dispositive Sanctions (#143)**

25       In his Motion for Sanctions, Defendant argues the Court should impose sanctions on
26   Plaintiff in the form of dismissing Plaintiff's Complaint and awarding Defendant his attorneys'
27   fees.  Significant portions of Defendant's Motion (#143) are composed of incoherent language,
28   incomprehensible arguments, or both.  Furthermore, under Local Rule 7-2 (d), the failure of a

moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion. Defendant's comprehensible arguments are either not supported by any cited legal authority or are otherwise without merit.

Primarily, Defendant asserts Plaintiff intentionally destroyed evidence, an act Defendant argues warrants terminal sanctions. Defendant neither cites proper legal authority nor presents facts sufficient to establish that Plaintiff destroyed potential evidence or should be sanctioned for destroying potential evidence in this case. Defendant claims Plaintiff conspired with other magicians to remove performances of theirs from the internet that were similar to the Subject Illusion to hide the existence of third-party infringers. Plaintiff counters that removal of these videos from the internet constituted additional "take-downs, " not unlike the take-down of the Subject Videos, which Plaintiff argues are authorized under the Digital Millennium Copyright Act. *See, e.g., Lenz v. Univ. Music Corp.*, 572 F.Supp.2d 1150, 1153 (N.D. Calif. 2008). Defendant's argument that Plaintiff's alleged spoliation of evidence warrants sanctions permeates the Motion, *see, e.g., Doc. #143* at 8:14-8, 6:12-17, 13:26-6, 23:13-15, 27:12-19, and is without legal or factual bases.

The balance of Defendant's arguments in favor of sanctions are either incomprehensible to the Court, irrelevant to the instant relief sought, or have already been discounted by the Court. For example, much of Defendant's Motion presents what Defendant believes to be defenses to a copyright claim, whereby he attempts to refute the merits of Plaintiff's claim. *See, e.g., Doc. #143* at 13:26-14:7. The alleged weaknesses of a party's claims, however, do not justify dispositive sanctions against that party. *See., e.g., TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (a court may enter a default judgment in response to abusive litigation practices); *see also* Fed. R. Civ. P. 37(b)(2) (court may enter a default judgment if a party fails to obey an order to provide or permit discovery). Accordingly, arguments regarding any weaknesses in the merits of Plaintiff's claims bear no relation to the relief Defendant seeks in this Motion (#143). Such arguments would be more properly brought, if it all, in a motion under Federal Rule of Civil Procedure 12(b)(6), 12(c), or 56.

. . .

Defendant also rehashes arguments that this Court has already rejected.  First, the Court has previously rejected Defendant's argument that Plaintiff's filing of a redacted version of Exhibit 3 to the Complaint was improper.  *See June 18, 2013 Order, Doc. #109* at 1:18-26.  Then, as now, the Court finds that the omitted portion of Exhibit 3 has no relevance within this action.  Defendant also reasserts his argument that proceeding with the instant litigation will violate his rights under the "European Treaty of Human Rights."  *See Motion, Doc. #143* at 27.  At the hearing conducted on June 26, 2013, however, *see Minutes of Proceedings, Doc. #134*, the Court stated that while it "has respect for the laws of any other country," Defendant has "been defending the claims against [him] in this District," and in so doing has "consented, at least, to the jurisdiction of this Court[.]"  *See Transr. of Hng., Doc. #136* at 19:18-20:8.  The Court again rejects Defendant's argument that this litigation violates his rights under a European treaty for the same reasons.  Because Defendant has not cited any valid factual or legal bases for the imposition of case-dispositive sanctions against Plaintiff, the Court will deny his Motion (#143).

**III.    Motion to Protect and Guarantee the Integrity of the Proceeding (#165)**

Finally, Defendant's Motion (#165) reiterates his arguments in support of and seeks ruling on his Motion for Sanctions (#143).  Because this Order will deny the Motion for Sanctions (#143), this last Motion (#165) will be denied as moot.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel (#113) is **granted** in part and **denied** in part as follows:

(a)    Plaintiff shall produce all documents from April 1, 2012 through the present responsive to Defendant's Request for Production of Documents No. 2 within 14 days of the date of this Order;

(b)    Plaintiff shall produce all documents from April 1, 2012 through the present responsive to Defendant's Request for Production of Documents No. 3 within 14 days of the date of this Order.  To the extent that Plaintiff maintains his position that there are no responsive documents, he shall supplement his response to detail the extent of his inquiry;

. . .

8

(c)     Plaintiff shall produce all documents from April 1, 2012 through the present responsive to Defendant's Request for Production of Documents No. 4 within 14 days of the date of this Order;

(d)     Plaintiff shall produce all documents responsive to Defendant's Request for Production of Documents No. 7 within 14 days of the date of this Order; and

(e)     Plaintiff shall produce all documents responsive to Defendant's Request for Production of Documents No. 9 within 14 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion for Case-Dispositive Sanctions (#143) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Protect and Guarantee the Integrity of the Proceeding (#165) is **denied** as moot.

DATED this 1st day of October, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge