1

2

3

4

5                              **UNITED STATES DISTRICT COURT**

6                                    **DISTRICT OF NEVADA**

7

8      TELLER, an individual,                     )
                                                   )
9                            Plaintiff,            )          Case No.  2:12-cv-00591-JCM-GWF
                                                   )
10     vs.                                         )          **ORDER**
                                                   )
11     GERARD DOGGE (p/k/a GERARD BAKARDY),        )          Motion for Sanctions (#121)
       an individual,                              )
12                                                 )
                             Defendant.            )
13     _____)

14            This matter comes before the Court on Plaintiff's Motion for Case-Dispositive Sanctions

15     (#121), filed on July 8, 2013.  Defendant filed an Opposition (#133) on July 25, 2013.  Plaintiff

16     filed a Reply (#147) on August 12, 2013.  The Court conducted a hearing on the Motion (#121) on

17     August 15, 2013.  *See Minutes of Proceedings, Doc. #149.*

18                              **BACKGROUND AND PROCEDURAL HISTORY**

19            At issue in this case are videos Defendant posted to YouTube ("Subject Videos") of the

20     performance of an illusion entitled "The Rose and her Shadow" ("Subject Illusion"), which

21     Defendant also offered for sale.  Plaintiff alleges the Subject Illusion infringes on Plaintiff's

22     copyright.  Throughout discovery, the parties have been engaged in an ongoing struggle to produce

23     or otherwise obtain copies of the Subject Videos, which Defendant claims to have inadvertently

24     deleted from his computer hard drive.  *See, e.g., Motion to Compel, Doc. #57, Motion for Mirror

25     Imaging, Doc. #74, Motion to Compel Google, Doc. #158.*

26            Plaintiff now seeks sanctions for Defendant's alleged spoliation of or otherwise refusal to

27     produce certain items, as well as for Defendant's failure to comply with this Court's orders.  On

28     January 11, 2013, Plaintiff served a request for production on Defendant which sought "complete

and accurate copies of any and all videos, slideshows, or other media that [Defendant] posted on YouTube or elsewhere on the Internet" related to the Subject Illusion.  In response to Plaintiff's March 6, 2013 Motion to Compel (#57), Defendant stated he may have deleted the Subject Videos.  *See Opposition, Doc. #59* at 2:27-28.  In granting the Motion to Compel (#57), the Court ordered Defendant to produce the Videos, and cautioned him regarding the severity of willfully or negligently destroying documents or things.  *See April 10, 2013 Order, Doc. #62* at 3:11-12.  Plaintiff then filed an Emergency Motion for Mirror Imaging of Defendant's Hard Drive (#74) on April 30, 2013.  The Court granted the Motion (#74), and ordered Defendant to produce his hard drive to Plaintiff for mirror imaging.  *See June 7, 2013 Minutes of Proceedings, Doc. #103*.  Subsequently, at his deposition, Defendant stated he would not produce his hard drive unless this Court's Order (#103) was enforced by a court in Belgium, his country of residence.  Plaintiff also discovered at Defendant's deposition that Defendant had created, but failed to produce, an instructional DVD and manual regarding the Subject Illusion that were responsive to earlier discovery requests.

Plaintiff filed an Emergency Motion to Enforce Court's Order (#116) on July 2, 2013.  In that Motion (#116), Plaintiff sought an order requiring Google to produce the Subject Videos.  The Court declined because Plaintiff had not properly issued a subpoena to Google.  The Court did order Defendant, however, to either produce the Subject Videos, DVD, and manual, or make his hard drive available for mirror imaging by August 9, 2013.  *See July 26, 2013 Order, Doc. #135* at 2:14-21.  Plaintiff represents that Defendant did neither.  In response to Defendant's failure to comply with this Court's Order (#135), Plaintiff properly served Google with a subpoena for the Subject Videos.  The Court ordered Google to produce the Videos, *see September 13, 2013 Order, Doc. #164*, and Google complied.  Accordingly, Plaintiff now possesses copies of the Subject Videos.  *See Status Report, Doc. #171*.

## DISCUSSION

Courts have the inherent authority to enter default judgments for abusive litigation practices.  *See First Source Financial USA, Inc. v. nBank, N.A.*, 2008 WL 131242 (D. Nev. 2008) (citing *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987)).  Federal Rule of

1    Civil Procedure 37(b)(2) also provides that if a party fails to obey an order to provide or permit

2    discovery, the court may "issue further just orders," including entering default judgment.  Before a

3    court enters such terminal sanctions, it considers five factors: "(1) the public's interest in the

4    expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of

5    prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their

6    merits, and (5) the availability of less drastic sanctions."  *Ecomares Inc. v. Ovcharik*, 2008 WL

7    2755066, *4 (D. Nev. 2008).  These factors provide courts "with a way to think about what to do,

8    not a set of conditions precedent for sanctions[.]" *Connecticut General Life Ins. Co. v. New Images*

9    *of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).  "Where a court order is violated, the first

10   two factors support sanctions and the fourth factor cuts against a default.  Therefore, it is the third

11   and fifth factors that are decisive."  *Ecomares*, 2008 WL 2755066 at *4.  Finally, courts must also

12   determine whether the violations warranting sanctions were "due to the willfulness, bad faith, or

13   fault of the party[]" against whom sanctions are sought.  *Chase Bank USA, N.A. v. NAES, Inc.*,

14   2010 WL 2161786 (D. Nev. 2010).

15        **a.       Prejudice to Plaintiff**

16        A party suffers prejudice to an extent warranting case-dispositive sanctions when the other

17   party's actions impair the "ability to go to trial or threaten the rightful decision of the case."

18   *Garden City Boxing Club, Inc. v. Godinez*, 2009 WL 914632, at *3 (D. Nev. 2009).  "Failing to

19   produce documents as ordered" can be considered sufficient prejudice.  *In re Phenylpropanolamine*

20   *Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).

21        Here, there is no doubt that the Subject Videos constitute the crux of this litigation, and that

22   Defendant either refused to produce them or destroyed them before they could be produced.

23   Because Plaintiff's entire case hinges on whether Defendant's posting of the Videos infringed upon

24   Plaintiff's copyright, the Court does not discount the severity of Defendant's disregard for this

25   Court's Order (#135) to either produce the Videos or his hard drive for mirror imaging.  The Court

26   is also cognizant that Defendant has flouted Court orders and the Federal Rules on other occasions

27   by repeatedly including previously-sealed material in his pleadings, *see, e.g., Doc. #59*, refusing to

28   sign a protective order, *see Doc. #121, Exh. 15* at ¶ 5, and filing baseless and inflammatory

3

motions, *see, e.g., Doc. #85*.  Nevertheless, in response to the Court's Order (#164) granting

Plaintiff's Motion to Compel (#158), Google produced copies of the Subject Videos, which are

now in Plaintiff's possession.  Although Google's production of the Videos does not absolve

Defendant of his improper conduct, it does reduce the amount of prejudice suffered by Plaintiff to a

degree that weighs against imposing case-dispositive sanctions.

Plaintiff also raises concern that Defendant has refused or otherwise failed to produce the

DVD and manual.  Because of the sanctions this Order imposes below, however, the Court finds

that any prejudice Plaintiff may suffer from Defendant's failure to produce the materials does not

warrant entry of default.

### b.    Availability of Less Drastic Sanctions

When addressing the availability of less drastic sanctions, courts consider whether the court

has tried lesser sanctions and whether it warned the at-fault party about the possibility of case-

dispositive sanctions.  *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d

1091, 1097 (9th Cir. 2007).  "It is appropriate to reject lesser sanctions where the court anticipates

continued deceptive misconduct."  *Anheuser-Busch, Inc. v. Natural Beverage Distr.*, 69 F.3d 337,

352 (9th Cir. 1995).

This Court has previously warned Defendant about the possibility of severe sanctions.

Indeed, in its July 26, 2013 Order (#135), the Court stated that Defendant's failure to produce either

the Videos, manual, and DVD or his hard drive on August 9, 2013 would result in "sanctions that

may include a recommendation to the District Judge that his Answer be stricken and a default

judgment be entered against him."  *See Doc. #135* at 3:1-4.  In light of Google's production of the

Subject Videos, however, and because the Court considers the Videos to be the crux of this

litigation, the Court finds that Defendant's failure to produce the DVD and manual warrants

sanctions less severe than entry of a default judgment.  Specifically, the Court will permit an

adverse inference.

Like many sanctions, an adverse inference instruction can take many forms, "ranging in

degrees of harshness."  *Apple Inc. v. Samsung Electronics. Co., Ltd.*, 881 F.Supp.2d 1132, 1150

(N.D. Calif. 2012).  The degree of harshness is dictated by the nature of the at-fault party's

4

conduct—"the more egregious the conduct, the more harsh the sanction." *Id.* "In its most harsh form, [...] the jury can be instructed that certain facts are deemed admitted and must be accepted as true." *Id.* (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Securities*, 685 F.Supp.2d 456, 470 (S.D.N.Y. 2010)).  Next, when the party being sanctioned has acted "willfully or recklessly, a court may impose a mandatory presumption." *Id.*  At the other end of the spectrum, "the least harsh instruction permits (but does not require) a jury to presume that the lost evidence is both relevant and favorable to the innocent party." *Id.*

Here, the Court will impose a mandatory presumption.  The Court cautioned Defendant that failure to preserve potential evidence will be met with severe repercussions. *See, e.g., May 6, 2013 Minute Order, Doc. #81.*  Moreover, the Court ordered Defendant in no uncertain terms to produce the manual and DVD, and alerted Defendant that sanctions will result if he does not produce them. *See July 26, 2013 Order, Doc. #135.*  In light of these warnings, and in light of the other violative and unmannered conduct of Defendant detailed above, the Court finds that an adverse inference instruction on the harsher end of the spectrum is appropriate.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Case-Dispositive Sanctions (#121) is **granted** in part and **denied** in part as follows:

(1)     The jury in this litigation shall be instructed to presume that the subject DVD and manual, if available, would tend to support Plaintiff's claim that Defendant violated Plaintiff's copyright, to the extent that Plaintiff's copyright is valid.

DATED this 16th day of October, 2013.

GEORGE FOLEY, JR.
United States Magistrate Judge