1
2
3
4
5                    **UNITED STATES DISTRICT COURT**
6                         **DISTRICT OF NEVADA**
7
8      TELLER, an individual                          )
                                                      )
9                                    Plaintiff,       )   Case No.:  2:12-cv-591-JCM-GWF
                                                      )
10     vs.                                            )   <u>**FINDINGS & RECOMMENDATIONS**</u>
                                                      )
11     GERARD DOGGE (p/k/a Gerard Bakardy),           )
       an individual,                                 )
12                                                    )
                                     Defendant.       )
13     _____  )

14          This matter is before the Court on Plaintiff's Emergency Motion for Case-Dispositive

15     Sanctions Based on Defendant's Refusal to Physically Attend Trial (#205), filed on May 28, 2014.

16     Defendant filed his Ultimate Opposition to Plaintiff's Multiple Motions (#216) on June 11, 2014.

17     The Plaintiff filed his Reply (#221) on June 13, 2014.

18                                    <u>**BACKGROUND**</u>

19          Plaintiff Teller filed this action for copyright infringement against Defendant Gerard Dogge,

20     a citizen of Belgium.  The basis for the action was Dogge's conduct in posting a video on YouTube

21     in which Dogge performed Teller's copyrighted illusion known as "Shadows."  In August 2012, the

22     court granted Teller's motion to serve Defendant Dogge by publication.   Defendant Dogge

23     subsequently appeared in the action by filing a written response to Plaintiff's motion for a

24     preliminary injunction and by filing his answer to the complaint on October 24, 2012.   The court

25     held that by filing an answer, Dogge waived his defenses to personal jurisdiction and service.

26     *Order (#56), pg. 5.*  The court also held that even without waiving his defenses, the court has

27     personal jurisdiction over Dogge in regard to the claims in this lawsuit and that service was proper.

28     *Id., pgs. 5-9.*

1    Defendant Dogge has filed pleadings and documents in this case by mailing them from his

2    home in Belgium.  The court has permitted Mr. Dogge to appear telephonically at several court

3    hearings conducted during the course of this lawsuit.  Plaintiff deposed Defendant Dogge in

4    Belgium.  To the court's knowledge, Defendant Dogge has not appeared in person in this district to

5    participate in this action since it was filed.  The court has no information whether Mr. Dogge has

6    been physically present in the United States at any time since this action was filed.

7    The court has previously granted discovery motions against Defendant Dogge.  This

8    included an order requiring Defendant Dogge to produce the video posted on YouTube which

9    Defendant initially claimed he had in his possession, but which he later claimed had been erased

10    from his computer.  *See Order (#62)*.  After Defendant Dogge failed to comply with the court's

11    discovery order, sanctions were imposed on him in the form of an adverse inference instruction.

12    *Order (#78)*.

13    On March 20, 2014, the court granted Teller's motion for summary judgment against

14    Defendant Dogge on the issue of liability for copyright infringement.  *Order (#184)*.  The court

15    held, however, that Defendant has raised a genuine issue of fact as to whether he willfully infringed

16    upon Teller's copyright, and therefore denied summary judgment on the issue of damages for

17    copyright infringement.  The court also denied summary judgment on Plaintiff's unfair competition

18    claim.  *Id.*  On April 21, 2014, Plaintiff filed an Individual Pretrial Order (#188), in which

19    Plaintiff's counsel represented that he had sought Defendant Dogge's participation in preparing a

20    joint pretrial order, but that Defendant had refused to participate.  Plaintiff's counsel also filed a

21    declaration in which he stated that he had received an email letter from Mr. Dogge in which he

22    stated that he was not willing to come to the United States for trial but wanted to participate by

23    telephone.  *Plaintiff's Individual Pretrial Order, Attachment 1, Tratos Declaration*, ¶¶ 6-7.

24    On April 21, 2014, the district judge entered an order referring this action to the

25    undersigned magistrate judge to conduct a settlement conference.  *Order (#189)*.  Given the history

26    of this case and the fact that Defendant Dogge resides in Belgium, the undersigned scheduled a

27    telephonic hearing on May 9, 2014 to discuss whether a settlement conference would be feasible.

28    During that hearing, Plaintiff's counsel advised the court of Mr. Dogge's statement that he was not

2

1   willing to attend trial in person.  Mr. Dogge advised the undersigned that he did not intend to attend

2   the trial in person and wished to participate telephonically.  The undersigned ordered each side to

3   submit brief statements *in camera* regarding their positions on settlement.  Each party submitted *in*

4   *camera* statements as directed.  Based on those statements, the undersigned determined that a

5   settlement conference would not be productive.  *Order (#201).*

6          On May 13, 2014, Plaintiff filed an emergency motion for dispositive sanctions based on

7   Defendant's refusal to physically attend trial.  *Motion (#199).*  On May 16, 2014, the court denied

8   Plaintiff's motion, but stated as follows:

9          Though the court is not inclined to enter judgment without allowing
       Dogge to have an opportunity to defend himself at trial, case-

10      dispositive sanctions may be necessary if Dogge does not comply
       with pretrial disclosure requirements.  The court has granted a

11      significant amount of leeway to Dogge given his status as a *pro se*
       litigant, but will not allow his inexperience with the law interfere

12      with Teller's ability to present his case effectively.

13      The court also admonishes Dogge that he will not be allowed to
       appear at trial telephonically.  In order to guarantee fairness in this

14      matter, all parties must appear in person.

15   *Order (#200), pgs. 1-2.*

16          The court ordered that within seven days of the order, Defendant Dogge was to disclose to

17   Plaintiff Teller all witnesses and exhibits he intends to present at trial.  The court further ordered

18   Defendant Dogge to file "within seven days of the entry of this order, an affidavit indicating that he

19   has made all required pretrial disclosures and addressing his intent to appear in person at trial." *Id.,*

20   *pg. 2.*

21          On May 23, 2014, Defendant Dogge filed an opposition to Plaintiff's emergency motion for

22   dispositive sanctions in which he requested the court to reconsider Order (#200), as well as Order

23   (#184) which granted partial summary judgment.  Defendant Dogge stated that he has not been

24   treated fairly during the course of this action and that the granting of partial summary judgment

25   against him was unfair.  Defendant Dogge further stated:

26      Defendant confirms once more that he will not travel to Vegas for the
       less important part of the entire litigation. . . .

27

28      Defendant regrets that the Court does not allow defendant this time to
       appear in Court by phone conference to defend himself and hopes

3

1
2
3
4

that the Court will not neglect defendants answer (#15-#151) with multiple exhibits, showing many more persons performing 'shadows' for many years, making big profits and having thousands of views on their You-Tube videos, without any complaint of Teller.  Defendant once again emphasizes that he never performed or sold the illusion at issue, not once, and never had thousands of views on his YouTube video.

5      *Defendant's Opposition (#203), pg. 6.*

6      Based on Defendant Dogge's opposition and his failure to comply with Order (#200) by

7 serving a list of witnesses and exhibits, Plaintiff renews his motion for case-dispositive sanctions.

8                                          **DISCUSSION**

9      Rule 16(f) of the Federal Rules of Civil Procedure states that on motion or on its own, the

10 court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party

11 or its attorney (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially

12 unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to

13 obey a scheduling order or other pretrial order.  In this case, Defendant Dogge has not complied

14 with Order (#200) by serving his list of trial witnesses and exhibits as directed.  Further, Defendant

15 Dogge has made clear that he does not intend to appear in person at trial, notwithstanding the

16 court's order that he will not be allowed to appear at trial telephonically.

17      In *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384-85 (9th Cir. 1996), the court affirmed the

18 district court's order dismissing plaintiff's case pursuant to Fed.R.Civ.Pro. 41(b) and entering his

19 default on the defendant's counterclaim when plaintiff failed to appear for the commencement of

20 trial. The court stated that a district judge is required to weigh several factors in determining

21 whether to dismiss a case for want of prosecution.  These factors include:  (1) the public's interest

22 in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

23 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

24 (5) the availability of less drastic sanctions.  These are the same factors that a court is required to

25 weigh when considering whether to impose dispositive sanctions under Rule 37(b)(2)(A)(v) or (vi).

26 *See Henry v. Gill Industries,* 983 F.2d 943, 948 (9th Cir. 1993).

27      In affirming the district court's order, the Ninth Circuit in *Al-Torki* first concluded that

28 plaintiff knew and understood that his trial was to commence on a certain date and that the court

4

1    had ordered him to be personally present for pretrial and trial; that he was able to comply with the

2    court order; that he willfully elected not to comply; and that he failed to appear personally or by

3    counsel at the time his case was called for trial.  The court further stated that the failure to appear

4    for trial, without excuse, prejudices an adversary and interferes with the court's docket about as

5    much as any procedural default can.  "The other side is likely to have spent thousands of dollars

6    getting its lawyers ready to try the case and arranging for witnesses and exhibits to be available.  If

7    trial does not proceed, the money and effort will have been wasted."  78 F.3d at 1385.  The court

8    also commented on the burden and inconvenience a plaintiff's unexcused failure to appear for trial

9    causes to the court, prospective jurors and other litigants.  *Id.*  Recently, in *Lee v. Los Angeles*

10   *Unified School District*, --- Fed.Appx. ----, 2014 WL 2211712 (C.A.9 (Cal.)) (unpublished

11   memorandum decision), the court, citing *Al-Torki*, affirmed the dismissal of a plaintiff's action for

12   want of prosecution where the plaintiff failed to file pretrial documents and appear at a pretrial

13   conference after plaintiff was warned that his action would be dismissed if he was not ready to go

14   to trial.

15         In this case, the court ordered Defendant Dogge to serve his list of trial witnesses and

16   exhibits on Plaintiff's counsel which the court is informed he has not done.  Defendant Dogge has

17   been notified of the trial date in this case and that he is required to appear in person at trial and may

18   not participate in the trial telephonically.  Defendant Dogge has expressly informed the Plaintiff

19   and the court that he does not intend to appear at trial in person.  Defendant's expressed reason for

20   refusing to attend trial is that he has been unfairly treated by the order partially granting summary

21   judgment and the remaining issues to be tried are less important.  This is not a justifiable reason for

22   refusing to attend trial.  He has not shown that he is unable to attend trial in person on July 7, 2014,

23   or that his decision not to attend will change at a later date.  The fact that that Defendant resides in

24   a foreign country and has never previously appeared in person at any hearing or proceeding in this

25   action, also makes it highly unlikely he will change his mind and appear at trial.  An order striking

26   Defendant's answer and entering his default pursuant to Rules 16(f) and 37(b)(2)(A)(vi) is

27   therefore warranted.

28         . . .

**CONCLUSION**

Defendant Gerard Dogge has not complied with the Order (#200) directing him to serve his list of trial witnesses and exhibits on Plaintiff.  Defendant Dogge has made clear that he does not intend to appear at trial in person on July 7, 2014.  He has not provided a legitimate reason for not attending trial that would justify any continuance of the trial date.  Accordingly,

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** Plaintiff's Emergency Motion for Case-Dispositive Sanctions Based on Defendant's Refusal to Physically Attend Trial (#205) be **granted** and that Defendant Gerard Dogge's answer be stricken and his default entered.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of June, 2014.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE